### HAHN *v.* UNITED STATES.

A. was surveyor of customs from June 13, 1872, to May, 1876, at Troy, N. Y., which was a port of delivery, but not of entry, in the collection district of the city of New York. At various times during the period from June 13, 1872, to June 22, 1874, there was a surveyor of customs at the port of New York, which was a port of entry, and there were surveyors of customs at two other ports in that district, which were ports of delivery and not ports of entry. In accordance with the uniform practice of the Treasury Department, under sect. 1 of the act of March 2, 1867, c. 188, repealed by sect. 2 of the act of June 22, 1874, c. 391, the Secretary of the Treasury distributed to the collector, naval officer, and surveyor at the port of New York, as such officers, and not as informers or seizing officers, one-fourth part of the proceeds of the fines, penalties, and forfeitures incurred at the port of New York between June 13, 1872, and June 22, 1874. A. made no question in regard to this practice until March, 1874, and when informed, in June of that year, that the department adhered to its construction of the act, he made no further complaint until March, 1877. He sued the United States in the Court of Claims in May, 1877, claiming that under said first section he was entitled to share in said one-fourth equally with the collector and the naval officer at the port of New York, and all the surveyors in the district. The court rejected the claim. *Held,* that the judgment was not erroneous.

APPEAL from the Court of Claims.
The case is stated in the opinion of the court.

*Mr. Halbert E. Paine* for the appellant.
*The Solicitor-General* for the appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This case comes before this court on an appeal by the claim-ant, Emanuel Hahn, from the judgment of the Court of Claims finding in favor of the United States and dismissing the peti-tion of the claimant. The following are the material facts found by that court: "1. On the 13th of June, 1872, the claimant was appointed surveyer of customs at the port of Troy, N. Y., and continued to act as such officer until May 28, 1876. 2. During that period, from June 13, 1872, to June 22, 1874, Alonzo B. Cornell was surveyor of customs at the port of New York to March 31, 1873, and George H. Sharpe from March 31, 1873, to June 22, 1874; Isaac N. Keeler was sur-veyor of customs at the port of Albany; and from April 28, 1874, Frank P. Norton was surveyor of customs at the port of Port Jefferson; all in the collection district of the city of New York. 3. There was collected and paid into the treasury of the United States, from the proceeds of fines, penalties, and forfeitures incurred at the port of New York, between June 13, 1872, and April 28, 1874, the sum of $839,819.40, and more, and between April 28 and June 22, 1874, $14,604.11, and more, after making the deductions required by law; of which sums, in the distribution made by the Secretary of the Treas-ury, one-fourth part was paid to the collector, naval officer, and surveyor at the port of New York, as such officers, and not as informers or seizing officers, and none thereof was paid to the claimant, which distribution was made in accordance with the uniform practice of the Treasury Department, under the law of March 2, 1867, c. 188 (14 Stat. 546). 4. During the same period, between June 13, 1872, and June 22, 1874, there was paid into the treasury, from fines incurred at the port of Troy aforesaid, on persons for not surrendering licenses of canal-boats as required by law, the sum of $1,000, of which, in the distribution thereof by the Secretary of the Treasury, one-fourth was paid to the claimant as informer or seizing officer, and no other share was allowed to him." On these facts the

claimant contends that under the provisions of sect. 1 of the act of March 2, 1867, c. 188, he was entitled, for the period from June 13, 1872, to April 28, 1874, to share equally with the collector, the naval officer, and two other surveyors in the collection district of the city of New York in the one-fourth part of the said sum of $839,819.40, and thus to recover one-twentieth part of said sum, and for the period from April 28, 1874, to June 22, 1874, to share equally with the collector, the naval officer, and three other surveyors in said collection district, in one fourth part of said sum of $14,604.11, and thus to recover one twenty-fourth part of said sum.

The statute in question is in these words: "That from the proceeds of fines, penalties, and forfeitures incurred under the provisions of the laws relating to the customs, there shall be deducted such charges and expenses as are by law in each case authorized to be deducted; and in addition, in case of the forfeiture of imported merchandise of a greater value than $500 on which duties have not been paid, or in case of a release thereof, upon payment of its appraised value, or of any fine or composition in money, there shall also be deducted an amount equivalent to the duties in coin upon such merchandise (including the additional duties, if any), which shall be credited in the accounts of the collector as duties received, and the residue of the proceeds aforesaid shall be paid into the Treasury of the United States, and distributed, under the direction of the Secretary of the Treasury, in the manner following, to wit: one-half to the United States; one-fourth to the person giving the information which has led to the seizure, or to the recovery of the fine or penalty, and if there be no informer other than the collector, naval officer, or surveyor, then to the officer making the seizure; and the remaining one-fourth to be equally divided between the collector, naval officer, and surveyor, or such of them as are appointed for the district in which the seizure has been made, or the fine or penalty incurred, or, if there be only a collector, then to such collector."

The findings in this case show, 1, that the moneys claimed were the proceeds of fines, penalties, and forfeitures incurred at the port of New York; 2, that the claimant was not the surveyor at that port, but was surveyor at another port in the

same collection district; 3, that the Secretary of the Treasury actually distributed one-fourth part of the distributable sums to the collector, naval officer, and surveyor at the port of New York, as such officers, and not as informers or seizing officers, and paid no part to the claimant; and, 4, that such distribution was made in accordance with the uniform practice of the Treasury Department, under the said act of 1867. From these findings it is to be understood that it was the uniform practice of the Treasury Department, under the act of 1867, to distribute one-fourth part of the proceeds of fines, penalties, and forfeitures incurred at the port of New York (such as the proceeds in this case were) to the collector, naval officer, and surveyor at that port, as such collector, naval officer, and surveyor, such one-fourth part not including any part of any share which under said statute goes to the informer or to the officer making the seizure.. The demand made by the claimant in this case in his petition has no reference to the one-fourth part which the statute awards to the informer or the seizing officer.

The controversy arises over the meaning of these words in the act of 1867: "The remaining one-fourth to be equally divided between the collector, naval officer, an' surveyor, or such of them as are appointed for the district in which the seizure has been made, or the fine or penalty incurred." It is said, in substance, in the opinion of the Court of Claims in this case, reported in 14 Ct. of Claims Rep. 305, that the Secretary of the Treasury, in the practice spoken of, proceeded on the view that the port of New York was the only port of entry in said collection district; that the ports of Albany, Troy, and Port Jefferson, though ports in said collection district and ports of delivery, were not ports of entry; that the statute spoke only of "the collector, naval officer, and surveyor;" that the words "or such of them as are appointed for the district in which the seizure has been made, or the fine or penalty incurred," could not enlarge the meaning of the word "surveyor" to the plural sense, because it could not so enlarge the meaning of the word "collector" or the words "naval officer," as there was but one of each of them in any district; and that the surveyor intended, in reference to cases like the present, was the surveyor of the port where the fines, penalties, and forfeitures

were incurred. The court observed that, as the provisions of the act of 1867 awarding shares of forfeitures had been repealed by sect. 2 of the act of June 22, 1874, c. 391, and as Congress had not interfered with such construction by the Secretary of the Treasury while the act was in force, and as the claimant had raised no question in regard to such construction until March, 1874, and had been informed by the Treasury Department in June, 1874, that it adhered to such construction, and had not complained again until March, 1877, but had permitted moneys to be distributed under such view, until he brought this suit in May, 1877 (facts which appear in the findings of the court below), the construction adopted had become the one which must govern all distributions under the act. The court added, that such construction did not appear to it unreasonable, and might well have been reached in the exercise of a sound judgment, and that, regarding the statute as ambiguous, all the circumstances of the case were such as to justify the application of the principle of interpretation sanctioned by this court in *United States* v. *Pugh*, 99 U. S. 265, that, "in the case of a doubtful and ambiguous law, the contemporaneous construction of those who have been called upon to carry it into effect is entitled to great respect, *Edwards' Lessee* v. *Darby*, 12 Wheat. 210," and where this court refused to interfere with such construction after it had been acted upon for a long time. See also *United States* v. *Alexander*, 12 Wall. 177; *Peabody* v. *Stark*, 16 id. 240; *Smythe* v. *Fiske*, 23 id. 374; *United States* v. *Moore*, 95 U. S. 760.

We are satisfied with the decision of the Court of Claims, and with the grounds above stated as assigned by it therefor, and its judgment is

*Affirmed.*