Scoeield, J.,
delivered the opinion of the court:
This case comes before the court on demurrer. The facts as they appear in the claimant’s petition and exhibits thereto are as follows:
May 22, 1876, Charles It. Coster, collector of internal revenue in the fourth district of New York, seized a still belonging' to the claimant, and caused an information against it to be filed in the District Court. To this the claimant filed his answer. The issue, thus formed, wms tried in April, 1877, and resulted in the dismissal of the information. After the trial a motion'was made by the United States attorney for a certificate of probable cause, which was refused by the court.
January 23, 1878, the claimant sued Coster in the city court of New York to recover damages for the wrongful seizure of his property. The case was removed to the Circuit Court of the United States, where-it was tried December 17, 1884. The result was a verdict by the jury for $10,033.38, upon which the court entered judgment in favor of the claimant for $10,130.31.
The court, upon application, again refused a certificate of probable cause.
January 24, 1885, Coster applied to the Commissioner of Internal Eevenue, under section 3220 of the Eevised Statutes, for the payment of this judgment.. The Commissioner, after consideration and advisement by the Secretary, certified to the accounting officers that the claim had been examined and allowed.
February 10,1885, the claim was disallowed by the Deputy *18 First Comptroller “for the reason that there was no certificate of probable cause issued and not sufficient evidence that the seizure was justified.”
Under this state of facts, in the opinion of the court, the proper party is entitled to recover the amount of the claim. Whether the claimant or Charles E. Coster is the proper party is the question in dispute.
In Dunnegan's Case (17 C. Cls. R., 247) and again in Nixon's Case (18 id., 448) this court held that the Commissioner of Internal Eevenue was authorized by section 3220 to direct the payment to be made to thé defendant in the judgment, if he had already paid it, if not, to the plaintiff. In these two cases the court found as a fact, what perhaps might be judicially noticed, that it had been the “ uniform practice of the Commissioner and Secretary, from the first enactment of the refunding statute, to make allowance in such cases to the judgment creditor and not to require the collector first to pay the same out of his own money and then himself to apply for re-pa;\ uient from the public Treasury.”
'While such practice cannot control the court in the construction of statutes, it should always be carefully considered, and in doubtful cases allowed to turn the scale.
In Edward's, lessee, v. Darby (12 Wheat., 210), the Supreme Court says:
“ In the construction of a doubtful and ambiguous law, the contemporaneous construction of those who are called upon to act under the law and were appointed to carry its provisions into effect is entitled to very great respect.”
In United States v. Moore (95 U. S. R., 763), the opinion in Edward’s, lessee, is cited with approval, and- the court adds, “ and ought not to be overruled without cogent reasons.” This opinion is again approved in' United States v. Pugh (99 U. S. R., 265), and the court there says:
“ While the question is one by no means free from doubt, we are not inclined to interfere at this late day with a rule that has been acted on by the Court of Claims and the Executive for so long a time.”
The same principle was decided in this court in Hahn’s Case (14 C. Cls. R., 305) and affirmed by the Supreme Court (107 U. S. R., 402). Also in Alexander's Case (12 Wall., 177, and 7 C. Cls. R., 205); Wright's Case (15 C. Cls. R., 87); Brown’s Case *19 (18 id., 537), affirmed by the Supreme Court (113 U. S. R., 568); and Harrison's Case (20 C. Cls. R., 122).
It makes no difference that in the Dunnegan and Nixon ease®' the application to the Commissioner was made by the plaintiffs in the judgments and in the pending case by the defendant in the judgment, because in all of these cases the prayer of the applicant was the same, to wit, that the judgment might be paid»
In submitting the case to the consideration and advisement of the Secretary, the Commissioner says: “ I propose to allow the claim for ten thousand one hundred thirty dollars thirty-one cents ($10,130.31), to be paid to Frederick Frerichs upoia. due entry of satisfaction of said judgment.”
To this proposition the Secretary replied as follows: “After' giving an outline history of the case you conclude by proposing to allow the claim for $10,130.31 to be paid to Frederick Fre-richs upon the due entry of satisfaction of the said judgment. Your proposal is hereby approved.”
Thereupon the Commissioner made the following certificate:
“A schedule of claims for the amount- of a judgment recovered which has 8mm*. examined and allowed.

“ I hereby certify that the foregoing claim for amount off a judgment recovered has been examined and allowed.
“ Walter T. Evans,
“ Commissioner.
“ Oerice or Internal Bevenue,
“ January 31, 1885.”
The name of Coster is here inserted to designate the case, not to change the proposition made by the Commissioner and approved by the Secretary to pay the claim to Frederick Fre-richs. It was clearly the intention both of the Commissioner and Secretary, which was in accordance with the prayer' of Coster, to direct that the claim should be paid to the judgment creditor, the present claimant.
It is understood that, by the course of business in the Treasury Department, the letter of the Commissioner submitting the *20 «ase to the Secretary and the Secretary’s reply thereto, were attached to and accompanied the final allowance by the Commissioner to the accounting officers.
The objection raised by the Comptroller that the judge had failed to give a certificate of probable cause was not pressed at •■the argument. That objection would have been well taken if ¡the claim had been presented under section 989. Under section 3220 the question of probable cause must be decided after consideration and advisement of the Secretary by the Commissioner. His decision, unimpeaclied for fraud or mistake, cannot be reviewed by the accounting officers.
The demurrer is overruled, with leave to the defendants to plead to the petition within twenty days.