SWAYNE *v.* HAGER, Collector.

(*Circuit Court, N. D. California.* February 25, 1889.)

1. CUSTOMS DUTIES—CLASSIFICATION—CHINESE SHOES.
    Chinese shoes, consisting of an upper part of cotton or silk and a sole of felt and leather, the felt being made from hair mixed with wool fiber, and paper, stiffened with rice starch, are taxable, not under the act of 1883, Schedule K, par. 14, imposing 40 cents per pound and 35 per cent. *ad valorem* on clothing, ready-made, and wearing apparel, not enumerated, composed wholly or in part of wool, worsted, alpaca, or other hair, made up by the tailor, seamstress,

or manufacturer, but as non-enumerated articles at the highest rates at which their component material of chief value may be chargeable. The cotton shoes, therefore, fall under Schedule 1, par. 7, imposing 35 per cent. *ad valorem* on manufactures of cotton not specially provided for, and the silk ones under the last paragraph of Schedule L, imposing 50 per cent. *ad valorem* on goods not specially enumerated, made of silk, or of which silk is the component material of chief value.

2. SAME.

A definition adopted and acted upon for a long time should not be regarded as changed by a subsequent act of congress unless the intention to change is clearly manifest.

At Law. Action by R. H. Swayne against John S. Hager, collector of customs, to recover an excess of duties paid by him.

*Milton Andros* and *Page & Eells*, for plaintiff.

*J. T. Carey*, U. S. Atty.

Before SAWYER, Circuit Judge.

SAWYER, J. This is an action brought to recover $3,799.50, with interest, for what is claimed to be an excess of duties over the amount required to be paid by law, collected upon various invoices of Chinese shoes, imported at the port of San Francisco. The shoe consists of the upper part made of silk or cotton, which constitutes the most valuable part of the material, and the sole, the upper part of which is composed of layers of felt and the bottom part of leather. The felt is manufactured in thin sheets from the hair of various animals, as dogs, cattle, and goats, intermixed with wool fiber and paper. A glue, or starch, made from rice, is added to give greater cohesion. Layers of this article are placed together, and the whole pressed into large sheets, which are then sold to manufacturers for the purpose of making shoes. Several thicknesses of these attached to the silk, or cotton uppers, with a leather bottom-piece, constitute the sole of the shoe. The question is, under what provision of the statute should duties on these Chinese shoes be levied and collected? Under, then, recent instructions from the treasury department they were classified, and duties thereon collected under the fourteenth paragraph of Schedule K, of the act of March 3, 1883, (22 St. 509,) which reads as follows:

"Clothing, ready-made, and wearing apparel of every description, not especially enumerated or provided for in this act, and balmoral skirts, and skirting, and goods of similar description, or used for like purposes, composed wholly or in part of wool, worsted, the hair of the alpaca goat, or other animals, made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, except knit goods, forty cents per pound, and in addition thereto, thirty-five per centum *ad valorem*."

The importer claims that inasmuch as the goods are non-enumerated articles, "manufactured of two or more materials," the duties should have been assessed "at the highest rates at which the component material of chief value may be chargeable," under section 2499 of the Revised Statutes as amended by the act of March 3, 1883, (22 St. 491.) The clause of said section under which it is claimed that the goods should be classified reads as follows:

"And on all [non-enumerated] articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable. If two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates: provided, that non-enumerated articles similar in material and quality and texture, and the use to which they may be applied, to articles on the free list, and in the manufacture of which no dutiable materials are used, shall be free."

Under this statute, the importer further claims, that the cotton shoes—the cotton being the most valuable part of the material—should be assessed under paragraph 7, of Schedule I, of the act of 1883, as "manufactures of cotton not specially enumerated or provided for." The provision is as follows:

"Cotton cords, braids, gimps, galloons, webbing, goring, suspenders, braces, and all manufactures of cotton not specially enumerated or provided for in this act, and corsets, of whatever material composed, thirty-five per centum *ad valorem*." 22 St. 506.

And on the silk shoes, in like manner, duties should be levied under the last paragraph of Schedule L, as a non-enumerated article made of silk, or of which silk is the "component material of chief value." The paragraph reads as follows:

"All goods, wares, and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, fifty per cent. *ad valorem*." · 22 St. 510.

After a careful examination of these provisions of the statute, and the rules of construction of revenue laws laid down by the United States supreme court in the cases cited on behalf of the plaintiff, I am satisfied that the treasury department is wrong, and the complainant right, in their respective constructions of the statute. I do not think the shoes in question are "composed wholly or in part of hair," within the meaning of the statute. The component parts of the shoes are cotton, or silk, felt, and leather. These are the parts as used by the manufacturers of shoes. It is true that hair is one of the elements used in the manufacture of felt. But I do not think congress intended, by this classification, to include all the ultimate elements that may have entered into an article. Such a classification would be too nice for practicable purposes. I think also, the statute refers to textile fabrics. For rules of construction on this point see *Elliott* v. *Swartwout*, 10 Pet. 137, 142, 151; *Arthur* v. *Morrison*, 96 U. S. 110; *Cohn* v. *Seeberger*, 30 Fed. Rep. 425; *Greenleaf* v. *Worthington*, 26 Fed. Rep. 303; *Riggs* v. *Frick*, Taney, 100. So, also, in my opinion, shoes were not intended to be included in the terms, "wearing apparel of every description," in the provision cited from Schedule K. By reading it with the context, "wearing apparel  *  *  *  made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer," it seems evident that congress intended other manufacturers of a class similar to a "tailor, or seamstress"—"something *ejusdem generis*." The principle *noscitur a sociis* appears to me to be applicable. A shoemaker is not in any respect similar to a tailor, or seamstress. In ordinary popular use of language, no one, I presume, would for a moment think that

shoes are included in the terms "wearing apparel." See the following decisions supporting and illustrating the construction adopted: *Oates* v. *Bank*, 100 U. S. 239, 244; *Bend* v. *Hoyt*, 13 Pet. 263, 270–272; *Adams* v. *Bancroft*, 3 Sum. 384, 386; *Reiche* v. *Smythe*, 13 Wall. 162. Chinese shoes have been imported for more than 20 years, and it is understood that during all the time and for three years after the passage of the act in question, they have been classified as manufactures of silk and cotton respectively. A definition adopted and acted upon for a long time should not be regarded as changed by a subsequent act of congress, unless the intention to change is, clearly, manifest. *Reiche* v. *Smythe*, 13 Wall. 162; *De Forest* v. *Lawrence*, 13 How. 274. See, also, *Edwards* v. *Darby*, 12 Wheat. 210; *Hahn* v. *U. S.*, 107 U. S. 402, 406, 2 Sup. Ct. Rep. 494; *U. S.* v. *Pugh*, 99 U. S. 269; *Robertson* v. *Downing*, 127 U. S. 608, 613, 8 Sup. Ct. Rep. 1328, and cases therein cited. I think the classification should be made, and duties levied under the several provisions cited as claimed by the importer. Let there be findings and judgment accordingly.