RAND *v.* UNITED STATES.

*(District Court, D. Maine.* April 27, 1889.)

1. UNITED STATES COMMISSIONERS—FEES—DRAWING COMPLAINTS.
Under Rev. St. U. S. § 847, allowing commissioners, "for issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services." and in accordance with the construction thereof adopted by the accounting officers of the treasury, commissioners are entitled to fees for drawing complaints in criminal cases.

2. SAME—ENTERING RETURNS.
For entering returns on warrants to arrest and to commit, and on summons required by order of the circuit court, commissioners are entitled to the same compensation as is allowed to clerks for like services.

3. SAME—COPIES OF PROCESS.
Under Rev. St. U. S. § 1014, the commissioner is compelled to return copies of process to the court; and the accounting officers of the treasury have no right to make an arbitrary rule limiting the length of such copies.

4. SAME—DOCKET FEES.
As the commissioner is required by the order of the circuit court to keep a docket in all criminal cases, in which he shall make entry of all proceedings before him, commencing with the complaint, he is entitled to docket fees in cases where the proceedings before himself have been discontinued, and the prisoner taken before another and nearer magistrate.

Petition for Allowance of Claim against the United States for fees as commissioner.

*E. M. Rand, pro se.*

*George E. Bird,* U. S. Atty.

WEBB, J.    This is a petition, under the act of March 3, 1887, for commissioner's fees, which have been disallowed by the accounting officers of the treasury department.    That the services have been performed and accounts for the same presented in strict compliance with the requirements of the law, or that the items specified in the petition have been disallowed, there is no denial.    The case is presented on demurrer, and the only contest is as to the right of the petitioner to compensation as demanded by him.    The items claimed amount to $248.85, of which all but $45.35 depends on the questions considered and decided in *Rand* v. *U. S.,* 36 Fed. Rep. 671, further discussion of which is now unnecessary.    This $45.35, in regard to which objections, not before made, are now urged, is composed of items: "For complaints in excess of two folios, $8.55; for all complaints, $15; for entering returns of warrants to arrest, $2.55; for entering returns of summons, $2.55; for entering returns of warrants to commit, $1.20; for copies of process to court, in excess of length arbitrarily fixed by accounting officers as sufficient, $4.50; for docket fees of $1 in cases where the accused person on arrest was taken before another commissioner, $11.    In respect to the disallowance of a portion of the commissioner's charge for copies of process returned to court, because the copies exceeded the number of folios the accounting officer deems necessary, it needs only to be said, that by section 1014 of the Revised Statutes the commissioner is compelled to re-

turn to the court copies of the process, together with the recognizances of witnesses. His compensation for so doing depends on the length of the copy,—a copy, not an abstract,—and there can be no arbitrary rule determining that length.. The general question as to docket fees is in this case modified by the fact that fees of one dollar, as for proceedings discontinued or dismissed without issue, are demanded in cases where the respondents were arrested upon warrants issued by the petitioner, and, for purposes of economy, made returnable before himself or any other commissioner, and were taken for further proceedings before commissioners residing nearer to the place of arrest and the home of the witnesses. An order of the circuit court requires every commissioner acting in criminal cases to keep a docket, in which he shall make entry of all proceedings before him, commencing with the complaint. In obedience to this order the petitioner kept his docket, until by the taking of the prisoner before another and nearer magistrate, proceedings before himself were discontinued. This service he should be paid for, if entitled to docket fees in any case, and that such fees are proper charges I have expressed my opinion in *Rand* v. *U. S., supra,* and do not now see any reason to recede from it.

Entering returns on warrants to arrest and to commit and on summons seems to be required by the order of the circuit court. For such service commissioners, by the fee bill, are entitled to the same compensation allowed to clerks for like services, which corresponds with the rate charged in this case. Until the presentation of accounts for services from October 1, 1888, to December 31, 1888, commissioners have been allowed and paid without objection fees for drawing complaints at the rate of 15 cents a folio, the accounting officers only recently assuming to determine by an arbitrary and inflexible rule the necessary length, and disallowing all in excess of that length as unnecessary verbiage. A part of the items demanded by this very petition are for disallowances on account of such "unnecessary length." It is now contended that no fees whatever can be allowed for that service. The statute regulating the compensation of commissioners does not pretend to specify everything which in the discharge of their duty these officers are required to do, and for which they shall be paid. "For issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services," is the provision of the Revised Statutes, § 847. Precisely what is the scope and effect of the phrase, "any other service, the same compensation as is allowed to clerks for like services," is a question of construction. From the date of the enactment of the fee bill until within a few months of the filing of the petition in this case, compensation for drawing complaints has been allowed by the treasury officers to the commissioners; accounts containing charges for that service have been approved and certified by the courts. The department of justice has concurred in and approved these allowances, as is plain from the fact that in its registers, compiled by authority of the attorney general, who exercises general supervisory powers over the accounts of officers of the courts of the United States, (section 368,) in the several editions of 1883,

1884, and 1886, under the heading, "Regulations Prescribed by the Accounting Officers of the Treasury Department," is given this "Form for Commissioner's Account for Fees," viz.: "*The United States* vs. ———. Charge, ———. Date of services. Drawing complaint, three folios, 45 cents," etc. By this uniform custom commissioners have been induced to do the work of drawing complaints,—work which always needs care, and is often attended with difficulty calling for legal knowledge and skill. The fee charged and hitherto allowed barely pays for the manuscript work. If the commissioners contented themselves with administering an oath to persons making informal and insufficient complaints they would in many cases, if not in most, properly decline to issue warrants for the arrest of persons, no violation of law being charged; or on a hearing they would be compelled to dismiss the complaint. It is familiar experience with every one who administers the criminal law that complainants most imperfectly appreciate the elements of crime; and in making accusations of violations of law omit material and introduce immaterial statements. Before issuing his warrant and causing an arrest to be made, it is the duty of the commissioner to see that the complaint sets out enough to justify and demand such proceeding. If he is told that for the labor and trouble of supplying fatal insufficiency in the complaint and putting it in proper form he will not be paid, he can well decline to do so, and say, "When sufficient complaint is made to me, I will grant a warrant." It is for the public interest that this course be not pursued. If the commissioner does not make needed inquiry, and put complaints in form to justify a warrant, in most instances no one will. To do this work commissioners have been encouraged by the allowance by the treasury officers of very moderate compensation; by the approval of their accounts by the courts; and by the instructions contained in the rules adopted by the accounting officers of the treasury department, and published for the guidance of the commissioners by the department of justice. The services charged for being so necessary; the usage to pay for them having existed continuously from the time of the enactment of the fee bill with so general approval of the officers whose . duty it is to execute that statute,—the construction of the law which gives compensation to commissioners for drawing complaints ought not now to be overruled. *Contemporanea expositio est optima et fortissima in lege,—optimus legis interpres consuetudo. Edwards* v. *Darby*, 12 Wheat. 206–210; *U. S.* v. *Bank*, 6 Pet. 29–39; *U. S.* v. *Macdaniel*, 7 Pet. 1–15; *Stuart* v. *Laird*, 1 Cranch, 299; *Surgett* v. *Lapice*, 8 How. 71; *Insurance Co.* v. *Hoge*, 21 How. 35–66; *Peabody* v. *Stark*, 16 Wall. 244; *Smythe* v. *Fiske*, 23 Wall. 374–382; *U. S.* v. *Moore*, 95 U. S. 760–763; *U. S.* v. *Pugh*, 99 U. S. 269; *Five Per Cent. Cases*, 110 U. S. 485, 4 Sup. Ct. Rep. 210; *Hahn* v. *U. S.*, 107 U. S. 402, 2 Sup. Ct. Rep. 494; *U. S.* v. *Graham*, 110 U. S. 219–221, 3 Sup. Ct. Rep. 582; *U. S.* v. *Hill*, 25 Fed. Rep. 379, affirmed, 120 U. S. 170, 7 Sup. Ct Rep. 510; *Brown* v. *U. S.*, 113 U. S. 570, 5 Sup. Ct. Rep. 648; *U. S.* v. *Philbrick*, 120 U. S. 59, 7 Sup. Ct. Rep. 413; *The Laura*, 114 U. S. 416, 5 Sup. Ct. Rep. 881. Judgment for petitioner for $248.85.