In re CONHAIM.

(District Court, D. Washington, N. D.   March 8, 1900.)

**1. BANKRUPTCY—COLLECTION OF TAXES—PAYMENT BY TRUSTEE.**
The provision of the bankruptcy act that the trustee shall "pay all taxes legally due and owing by the bankrupt" (section 64a) intends that, while the estate is in the hands of the trustee, his custody of it shall not operate as a bar to the collection of taxes which would be collectible under the law if the property had remained in the possession and control of the bankrupt himself.

**2. SAME—SALE OF PROPERTY—TAXES ASSESSED TO PURCHASER.**
Where, after the sale of a stock of merchandise by a trustee in bankruptcy, taxes thereon for the current year were assessed to the purchaser, who resisted payment on the ground that the goods did not become his property until after the beginning of the fiscal year, *held*, that the trustee would not be ordered, on petition of the purchaser, to pay the taxes so assessed, but he would be directed to have the property assessed at its fair valuation in his name as trustee, and to pay the tax legally chargeable on such assessment.

In Bankruptcy.
See 97 Fed. 923.

R. C. Strudwick, for petitioners.
Brady & Gay, for trustee.

HANFORD, District Judge. I have considered the petition of A. J. Prager & Sons for an order requiring the trustee of the bankrupt estate to pay taxes for the year 1899 upon the stock of merchandise which was sold by the trustee to the petitioners, and afterwards assessed for taxation against the petitioners. It is my opinion that it would be a meddlesome and unlawful proceeding for the trustee to step in and settle the controversy which the petitioners appear to have with the county officers, as to the validity of the assessment, by paying taxes on personal property which stands on the tax roll as a charge against the petitioners. The tax is either lawful and just or it is unlawful. If it is lawful, the petitioners should pay it; if it is unlawful, the courts of the state will grant relief on condition that the petitioners pay whatever amount of tax is justly due from them, and they should be left to settle their controversy upon this basis, and to sue for relief against any injustice in the courts of the state. If the merchandise was not properly assessed to the petitioners, because they had not purchased it until after the 1st of March, 1899, still they may have been liable to assessment for the money with which they made their purchase of the property, as that money was presumably in their possession, and subject to assessment for taxation, at the same time that the property became subject to assessment for the taxes of 1899; and the mere failure of the officers to assess them for the money does not relieve them from paying the tax, if in fact it was assessable, because the law provides that property subject to taxation which has been omitted from the tax roll may be assessed at any time, and the tax collected.

The bankruptcy law very justly requires the trustee of a bankrupt estate to pay all taxes legally due and owing by the bankrupt, and the court will not favor any evasion of this law by giving a too literal construction to its words. The manifest intent of the law is that, while the estate is in the hands of the trustee, his custody shall not constitute a barrier to prevent the collection of taxes which would be collectible under the law if the property had remained in the possession and control of the bankrupt himself. Under the revenue law of this state, the stock of merchandise was assessable as the property of Conhaim for the taxes of 1899, and the tax thereon has become due and payable by the bankrupt, notwithstanding the failure of the county officers to list it upon the tax roll in his name, because, as already remarked, the omission of property from the tax list for any year does not exempt it from taxation. On the contrary, it is the duty of the taxpayer to have the property listed by the tax collector, and to pay the tax. In accordance with this opinion, I direct that an order be entered denying the petition, and that a further order be entered directing the trustee to have the stock of merchandise assessed at its fair valuation in his name, as trustee, and to pay to the county treasurer the amount of taxes which may be legally charged.