[No. 4761.]

JACKSON v. THE WHITE CLOUD GOLD MINING AND MILLING COMPANY.

**Mines and Mining—Patents—Adverse Suits—Corporations—Citizenship.**

Section 2321, U. S. Rev. St., in relation to obtaining patents to mineral lands, provides that proof of citizenship, in the case

of a corporation organized under the laws of the United States or any state or territory thereof, may be made by the filing of a certified copy of their charter or certificate of incorporation. Held, that where, in an adverse suit by a corporation against an application for patent to a mining claim, the complaint alleged that plaintiff was a corporation organized under the laws of the state, and the answer admitted such allegation, it was not necessary to prove the citizenship of the company stockholders. —P. 124.

*Appeal from the District Court of Boulder County. Hon. James E. Garrigues, Judge.*

Action by the White Cloud Gold Mining and Milling Company and others against P. B. Jackson, on an adverse against an application for a patent for a mining claim. From a judgment in favor of the plaintiffs, defendant appeals.  ·  *Affirmed.*

Mr. GEORGE S. ADAMS, for appellant.

Mr. J. T. ATWOOD, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action by the White Cloud Gold Mining and Milling Company and others, appellees, as owners of the Clarence No. 2 lode mining claim, situated in Boulder county, in support of an adverse claim filed by them against the application for patent of the Octavia, Clara and Sabe Jackson lode mining claims, owned by appellant Jackson.

At the conclusion of the evidence the court directed a verdict in favor of plaintiffs, which was returned by the jury and judgment rendered thereon against defendant, from which this appeal.

With one exception the errors assigned, which find support in the record, have been ruled adversely to appellant in *Jackson v. McFall,* No. 4760, decided at this term of court.

It is contended by appellant that the citizenship of the members of plaintiff corporation was neither alleged or proven. This is urged as an additional reason why his motion for a nonsuit should have been granted, and plaintiff's motion for a directed verdict should have been denied.

It is alleged in the complaint and admitted by the answer, that the plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the state of Colorado.

Section 2321 U. S. Rev. Stats. provides:

"Proof of citizenship under this chapter may consist * * * in the case of a corporation organized under the laws of the United States or any state or territory thereof, by the filing of a certified copy of their charter or certificate of incorporation."

In construing this section in *Doe v. Waterloo Mining Co.*, 70 Fed. 455, 462, the circuit court of appeals of the 9th circuit said:

"The question might arise, why would the certificate of incorporation establish the citizenship of the stockholders? In considering the question of jurisdiction in the federal courts, it is an established rule that, when a corporation organized under state laws is a party, it is conclusively presumed that the stockholders thereof are all citizens of that state. *Muller v. Dows*, 94 U. S. 445. Congress was familiar with this rule, and it seems probable intended to establish a similar rule under the mineral land act of 1872. The practice in the United States land office has been, I think, universal, not to require of a corporation seeking to patent mining ground proof of the citizenship of its stockholders, other than by the production of a certified copy of articles of incorporation. * * * It would have been a great hardship on a corporation to have had to prove that all of its stockholders were citizens of the United

States. The practice in the land department of the United States under this statute should have great weight in construing it. *Hahn v. U. S.*, 107 U. S. 402; *U. S. v. Moore*, 95 U. S. 760; *Brown v. U. S.*, 113 U. S. 568. Considering the statute and the practice thereunder, I think the citizenship of the stockholders of the Waterloo Mining Company was sufficiently established. It was not necessary to allege in the answer what was conclusively presumed from the facts alleged. Hence it was not necessary to have alleged in the answer that the stockholders of appellee were citizens of the United States.''

In the case at bar, it was admitted by the answer that plaintiff was a corporation organized and existing under the laws of the state of Colorado.

Under the above authority it was not necessary to allege the citizenship of the stockholders, such fact being conclusively presumed from the allegation of the incorporation of the plaintiff. It being unnecessary to allege the citizenship of the stockholders of the corporation, it follows, that no proof of such citizenship was required under the admissions of the answer.

The contention of appellant in this behalf is untenable. Upon the record presented, for the reasons here stated and upon the views expressed in *Jackson v. McFall, supra,* it follows that the judgment must be affirmed.          *Affirmed.*

The Chief Justice and Mr. Justice Gunter concurring.