**In re MASON TIRE & RUBBER CO.**
**No. 13696.**

District Court, N. D. Ohio, E. D.
Jan. 9, 1930.

Burch, Bacon & Denlinger, of Akron, Ohio, for petitioner.

H. R. Loomis, of Ravenna, Ohio, for bankrupt.

Marc J. Grossman, of Cleveland, Ohio, and H. R. Loomis, of Ravenna, Ohio, for A. L. Caris.

JONES, District Judge.

This matter is here on a petition to review filed by the auditor of Portage county, Ohio, attacking an order of the referee directing the trustee in bankruptcy not to list for taxation certain money in his hands belonging to this estate. The sole question presented on this review is whether money in the hands of the trustee in bankruptcy should be listed for and subject to taxation in Portage county, Ohio. The trustee in bankruptcy had in his possession on the second Monday of April, 1929 (tax lien day), the sum of $185,162.01, and filed no personal property tax return thereon. The facts were not in dispute, and the matter was submitted to the referee upon an agreed statement.

Prior to April 8, 1929, the trustee, under orders of the court, had sold all of the property of the bankrupt, realizing insufficient money to pay the bonded indebtedness. After paying taxes due and owing by the bankrupt, and costs and expenses of administra-tion, there remains for distribution to unsecured creditors not to exceed 45 per cent. on their claims. Certain dividends had been declared and paid to creditors, and, as above stated, there remained in the hands of the trustee on tax lien or listing day the sum mentioned. The trustee in bankruptcy at no time conducted or operated the business of the bankrupt, but his duties were confined to a liquidation of the assets and distribution of the money under the orders of the court.

If the money in the hands of the trustee is taxable under the laws of the state of Ohio, the decision of the Supreme Court in Swarts v. Hammer, 194 U. S. 441, 24 S. Ct. 695, 48 L. Ed. 1060, would seem to be controlling, unless some different provision appears in the present Bankruptcy Act (11 USCA) which was not in the act of 1898. The Supreme Court in that case held that there was nothing in the Bankruptcy Act of 1898 which exempted property in the hands of the trustee in bankruptcy from state taxes to which similar property is subject. It will be noted that the court refers only to section 7 of the act of 1898 (11 USCA § 25). (There is clearly a misprint in the number of the section of the act of 1898 referred to, since section 7 has no relation to title of property vested in the trustee, but defines the duties of the bankrupt; undoubtedly the reference was intended to be to section 70 [11 USCA § 110].) This case holds very positively that, if Congress had the power to declare such property exempt from state taxation, and wished to do so, the intention would be clearly expressed, and that no such expression is to be found in the act.

It may seem bold or presumptuous to suggest that the court apparently considered only the effect of section 70 of the act (11 USCA § 110) in deciding that Congress had not given any expression with respect to the payment of such taxes, but the question has occurred whether other sections of the present Bankruptcy Act may not disclose a congressional intention to exempt property in the hands of the trustee from the obligation of state taxation.

Under section 2(7), 11 USCA § 11(7), the bankruptcy court is invested with jurisdiction to cause the estate of bankrupts to be collected, reduced to money, and distributed. By section 64 (11 USCA § 104) express provision is made for the distribution of the money in payment of debts which have priority in advance of the payment of dividends to creditors. By this latter section, and sec-

tion 65 (11 USCA §§ 104, 105), Congress has provided how every dollar coming into the hands of the trustee shall be distributed. May it not be suggested that Congress has taken control of bankruptcy assets to the exclusion of the state by expressly designating the method of collection and distribution, and the persons entitled to share therein? The trustee, as an officer of the court, is directed to make such distribution as the law expressly provides. No provision is made for the payment of taxes accruing after the trustee has come into possession and during the process of administration, although the act does specifically provide for the payment of taxes due and owing by the bankrupt. New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284. In this case all the latter taxes have been paid.

A contrary view, however, is found in the following cases: In re Prince (D. C. Pa. 1904) 131 F. 546; In re Flynn (D. C. Mass. 1905) 134 F. 145; Stanard v. Dayton (C. C. A. Colo. 1915) 220 F. 441, certiorari granted Dayton v. Stanard (1915) 238 U. S. 622, 35 S. Ct. 662, 59 L. Ed. 1493, and modified (1916) 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190; In re Keller (D. C.) 109 F. 131; In re Crowell (D. C. Mass. 1912) 199 F. 659; In re Sims (D. C. Ga. 1902) 118 F. 356; In re Conhaim (D. C. Wash. 1900) 100 F. 268. But see Reinecke v. Gardner, 277 U. S. 239, 241, 48 S. Ct. 472, 72 L. Ed. 866. However, in the face of the positive conclusion reached in Swarts v. Hammer, supra, and because no material change has been made in the Bankruptcy Act since 1898, which in my judgment affects the question, the suggestion above is not tenable. The question then becomes one of whether the state of Ohio has exempted such money from taxation, since exemption from taxation is not presumed. Swarts v. Hammer (C. C. A.) 120 F. 256.

Article 12, § 2, of the Ohio Constitution, provides that "laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property according to its true value in money. * *. * " This article and section of the Constitution has been held to be a limitation on the general power of the Legislature to tax. Saviers v. Smith, 101 Ohio, 132, 128 N. E. 269. Section 5328, General Code of Ohio, provides that "all real or personal property in this state, belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or oth-

erwise, of persons residing in this state, shall be subject to taxation, except only such property as may be expressly exempted therefrom. Such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title." Exempt property is specified by sections 5349 to 5363, inclusive. The pertinent section of the Ohio Code relating to listing of property held in a trust or fiduciary relationship is section 5372—1, and provides as follows:

"Personal property, moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise in the possession or control of a person as parent, guardian, trustee, executor, administrator, assignee, receiver, official custodian, factor, agent, attorney, or otherwise, on the day preceding the second Monday of April in any year, on account of any person or persons, company, firm, partnership, association or corporation, shall, except as otherwise provided, be listed by the person having the possession or control thereof and be entered upon the tax lists and duplicate in the name of such parent, guardian, trustee, executor, administrator, assignee, receiver, official custodian, factor, agent, attorney or other person, adding to such name words briefly indicating the capacity in which such person has possession of or otherwise controls said property, and the name of the person, estate, firm, company, partnership, association or corporation to whom it belongs; but the failure to indicate the capacity of the person in whose name such property is listed or the name of the person, estate, firm, company, partnership, association, or corporation to whom it belongs shall not effect [affect] the validity of any assessment thereof."

By section 33 of the act (11 USCA § 61), the trustee in bankruptcy is created an officer. By section 47a (2), 11 USCA § 75 (a) (2), his duties are defined. And, in addition to the vesting of all of the bankrupt's property in him under section 70 (11 USCA § 110), he is deemed vested with all of the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. It is not found that state statutes or decisions of the courts thereon have imposed liability upon officers of the courts of the United States, and, unless by express terms under its constitutional power to tax property within the state such liability for taxation is imposed by the state statute, no question of its right to do so is raised. I think neither Ohio Code section 5372—1 nor the decision of the state Supreme Court in

Morrow v. Hess, 116 Ohio, 439, 156 N. E. 599, may be construed to impose such liability. A trustee in bankruptcy is not one of the class mentioned in section 5372—1, and, if the state Legislature intended to include such officer of the United States court as one required to return property in his hands for taxation, it could easily have said so. U. S. v. Whitridge, 231 U. S. 144, 149, 34 S. Ct. 24, 58 L. Ed. 159; Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 606, 42 S. Ct. 223, 66 L. Ed. 391.

If the trustee in bankruptcy is required to list for current taxation money in his hands for distribution under the express provisions of the Bankruptcy Act, I see no reason why the clerks of the United States courts and United States marshals and judges in whose name composition funds are deposited may not be required to list money held by them and not belonging to the United States. However, the question is not free from doubt, but it is thought that, since the Legislature of the state has seen fit to specifically name those required to list moneys, the trustee in bankruptcy, not being named, should not be included by implication. State Board of Tax Commissioners v. Holliday, 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826; Treat v. White, 181 U. S. 264, 267, 21 S. Ct. 611, 45 L. Ed. 853; Reinecke v. Gardner, 277 U. S. 239, 241, 48 S. Ct. 472, 72 L. Ed. 866; Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 605, 606, 42 S. Ct. 223, 66 L. Ed. 391; Scott v. Western Pacific Railroad Co. (C. C. A.) 246 F. 545, 548.

The general rule is that decisions of state courts in the interpretation of state statutes are regarded as binding upon the federal courts. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Brushaber v. Union Pacific Railroad Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713. Under the Bankruptcy Act of 1867 it had been held in this jurisdiction that funds in the hands of an assignee in bankruptcy were not subject to state taxation under the then statutes, on the theory that such moneys came into the custody of the United States court, and were under the sole protection of the government of the United States, and that no state court or state officer had any control over, or power to interfere with, it. In re Booth, 11 O. F. D. 303. It will be recognized, however, that this rule of law has been superseded by Swarts v. Hammer, supra.

In McNeill, Assignee, v. Hagerty, Auditor, 51 Ohio, 255, page 266, 37 N. E. 526, 529, 23 L. R. A. 628, Judge Spear said, in construing the then existing statute:

"But it does not follow that the term 'trustee' is used in this broad sense in this clause of the statute, for equally, in the same sense, is a guardian or administrator or a receiver a trustee, and, if the term had been intended in so broad a sense as to include assignees of insolvents, it would also embrace the other trustees named, and the special provisions regarding them would be superfluous. We think the purpose of this clause is fully satisfied by confining its application to that large class of trusts where title and possession are placed in one for the benefit of others, in some permanent form, and from which, in general, interest, income, or profit is expected to be derived."

And again at page 268 of 51 Ohio, 37 N. E. 526, 530:

"The assignee is, in every essential particular, an officer of court. The fund is in his hands as such, and he is bound to do with it just what the court directs. The fund, therefore, is really in the custody of the court; and, as before stated, the beneficial interest is in the creditors. They cannot, it is true, receive their own at once, but that is because it requires some time to reduce the assets to money, and for the adjustment of the debts and claims. To require the listing of any of the property thus held by the assignee, and the payment of taxes on it, would manifestly interfere with the orderly execution of the trust."

I think it may be said that under this case, and the Booth Case, supra, that the practice in the bankruptcy courts of Ohio has been not to make return for taxation or pay taxes on moneys in the hands of a trustee held merely for distribution.

In French, Treasurer, v. Bobe, Assignee, 64 Ohio, 323, 60 N. E. 292, Judge Spear distinguished between the taxable character of property held by an assignee in the operation of a manufacturing business and money held by an assignee for distribution under the orders of a court, as in the McNeill Case. In the French Case the assignee was conducting a going business, and the property thus used and held by him was found subject to taxation, and required to be listed. In the case of Morrow v. Hess, supra, relied upon here by the auditor of Portage county, the Supreme Court of Ohio held that "the provisions of this statute are broad and comprehensive and require the listing of

property by a receiver having possession thereof upon tax-listing day; no distinction being made between property which is then a portion of a going concern being operated under order of court and assets then in the hands of a receiver for the purpose of liquidation and distribution. There can be no doubt of the power of the Legislature to require receivers, trustees, and assignees to make return of and pay the taxes upon property in their possession." While this case would seem to supplant the former pronouncements of the state Supreme Court in the two earlier cases above mentioned, it does not seem to me clearly to require a conclusion that it applies to trustees in bankruptcy. In other words, the decision refers to receivers and such as are within the jurisdiction of the state courts. This view is supported by the provisions of section 5372—4 of the Code of Ohio that judicial officers of the state shall make annual statements showing persons holding property in trust or fiduciary capacity. Such statements are required to show the names of every administrator, executor, guardian, trustee, receiver, assignee, and every other person or officer legally in charge and control of any estate in any such court, together with the aggregate value of each and every class of property in the hands of each such administrator, executor, guardian, trustee, receiver, assignee, and every other person or officer, as shown by the last inventory or report filed by each of them in such court. This section would seem to explain the character of trustee and receiver included in section 5372—1. ▮ While it is not in the record, it is, nevertheless, a fact within the knowledge of the court that the uniform and constant practice of the bankruptcy courts of Ohio has been not to pay such taxes as are sought to be imposed in this case, and no state officers have heretofore required the listing of money held for distributon by trustees in bankruptcy. This practice and nonaction of the taxing authorities of the state have been undoubtedly somewhat influenced and sustained by the earlier decisions, such as In re Booth and McNeill v. Hagerty, supra, and probably also by the later case of. Reinecke v. Gardner, 277 U. S. 239, 48 S. Ct. 472, 72 L. Ed. 866; and because of the fact that. no change in the state statute occurring from time to time has added any reference to trustees in bankruptcy or to funds held by a bankruptcy court, or its officers. The familiar rule of interpretation of doubtful or ambiguous laws might well be applied here; that is, that, the state statute being doubt-

ful with respect to the liability of a trustee in bankruptcy being subject to state taxation upon moneys in his hands for distribution, the accepted and uniform practical construction put upon such statute for a long period of time, and generally acquiesced in, should be recognized as the true meaning of the law. Black on Interpretation of Laws, (2nd Ed.) pp. 289, 300, 301; U. S. v. Pugh, 99 U. S. 265, 269, 25 L. Ed. 322; United States v. Graham, 110 U. S. 219, 221, 3 S. Ct. 582, 28 L. Ed. 126; Hahn v. United States, 107 U. S. 402, 406, 2 S. Ct. 494, 27 L. Ed. 527; Corning v. Board of Com'rs (C. C. A.) 102 F. 57, 61; Knight v. Shelton (C. C.) 134 F. 423; Levin v. United States (C. C. A.) 128 F. 826, 829; State Board of Tax Com'rs v. Holliday, 150 Ind. 216, 230, et seq., 49 N. E. 14, 42 L. R. A. 826.

The order of the referee will be confirmed, and the petition to review dismissed.