GOVERNMENT OF AMERICAN SAMOA by the
Attorney General, Plaintiff

v.

GEORGE BIRD, Defendant

No. 9-1940

High Court of American Samoa

Civil Jurisdiction, Trial Division

July 30, 1940

ARTHUR A. MORROW, *Chief Justice;* and LIUFAU, *District Judge.*

## DECISION

The Attorney General appeared for the Government.
B. F. Kneubuhl appeared as Amicus Curiae taking the position that the complaint stated no cause of action.

MORROW, *Chief Justice.*

This is an action to recover certain taxes alleged to be due to the Government on certain leased property, the Government basing its claim upon Sec. 98(4) of the Codification. Reference is made to the pleadings for the facts alleged. The defendant admitted the truth of the allegations. We shall treat his pleading as a demurrer since it was so treated by Counsel and the court at the argument.

Among other facts alleged were that the defendant was the owner of a certain dwelling house and the parcel of land upon which dwelling house is situate in the village of Fagatogo; that the defendant leased the same during certain portions of 1939 and 1940 and paid no tax on the rental received.

■ At the outset it should be stated that when the defendant admitted by the pleading filed by him the truth of the Government's allegations he admitted the ownership of the land in the Samoan, not the European, sense only. The defendant must be understood as admitting that the land is land "owned" by him under the matai system which means that it is land held and owned by his matai in trust for the family of which the defendant is a member. He admits the house is his property in the same sense as a European uses the phrase. Save in exceptional cases a Samoan does not own the land on which his house is built and there was nothing in the pleadings to indicate such an exceptional case. We do not believe that Sec. 98(4) providing for a five per cent tax on rentals of "leased property" is applicable to the present case.

The Attorney General in his argument to the Court admitted that the statute was somewhat ambiguous and needed clarification. The court agrees with him as to that. The Attorney General also admitted that the Government had not collected a tax on charters or leases of boats and that if the Government wanted to collect a tax on leases of

houses there should be new legislation. Thus the Attorney General in the argument said: "If the Government has something planned now that it wants to collect on rented houses they should have new legislation. I do not think this law should be distorted to collect on houses and not on boats." Nevertheless the court must construe the statute, and determine whether it is applicable to the case before it.

■ "The true object of all interpretation is to ascertain the meaning and will of the law making body, to the end that it may be enforced. It is not permissible, under the pretence of interpretation, to make a law, different from that which the law making power intended to enact." Black on Interpretation of Laws, p. 8. That such a statement is sound law no one doubts. The public records in the Governor's office show that the question of taxing leases of property arose at the 1931 Fono which approved a resolution to the effect that "Taxes on leases of property made hereafter" should be "at the rate of five per cent of the yearly rental." 1931 Fono Proceedings at pp. 17 and 18.

Pursuant to the said resolution of the Fono Governor G. S. Lincoln on Dec. 23, 1931 enacted Regulation No. 3-1931, the 5th paragraph of which Regulation contained the language upon which the Government relies for its case. Such language reads: "There shall be assessed and levied annually upon the owners of leases (lessors) of all leased property in American Samoa a tax of five (5%) per cent of the yearly rent of such leased property; in case of a lease for a shorter term than one year the tax shall be five (5%) per cent of the rental for the shorter term; . . ."

■ It is common knowledge that from the date of the enactment of said Regulation No. 3-1931 down to March 1939 the Attorney General's department of the Government had not construed Sec. 98(4) as being applicable to the leases of houses. The court judicially knows such to be

the fact. "Leased Property" was during that period construed by the Attorney General's department so as not to include houses.

█ That the term "property" as used in Sec. 98(4) could very well be construed by the Attorney General to include land only is clear from a reading of all of Sec. 98(4). The first three lines of Sec. 98(4) read as follows: "There shall be assessed and levied annually upon all freehold property in American Samoa whether improved or unimproved a tax amounting to one (1%) per cent of the value of such property; ..." "Freehold" is a term ordinarily applied to "land" not to houses on matai land. Furthermore one does not speak of a house as "improved" or "unimproved." That is spoken of "land." Sec. 98(4) contains the following language: "After January 1, 1933, should the owner of any freehold property so desire, he may return his freehold land to the same status as all other land in American Samoa by filing with the Registrar a request, under oath, that it be so returned, ..."

That "property" and "land" are used as interchangeable terms in the part of Sec. 98(4) just quoted is so obvious as to need no argument.

In view of the very language of Sec. 98(4) we cannot say that the various Attorneys General from Jan. 1, 1932 up to March 1939 who construed the section as not to cover the rental of a house under the circumstances of this case were wrong in their interpretation.

The record of the 1931 Fono shows that Attorney General Lowe sat in the Fono and that it was presided over by Governor Lincoln who later enacted into law the part of Sec. 98(4) relating to taxation of leases. The law making power is in the Governor. Sec. 3(4) of the Codification.

█ It is indeed significant that during the remainder of Governor Lincoln's term and likewise of Attorney General Lowe's the statute was not construed by the Government to

cover a case like the present, and that such interpretation continued to be put upon the statute by various Attorneys General up to March 1939. The interpretation placed upon a statute by the executive department of the Government charged with its enforcement is entitled to great weight under the circumstances of this case.

"But it is a rule, announced by the Supreme Court of the United States at an early day, and which has since been followed in numerous cases both in the federal and state courts, that the contemporaneous construction put upon a statute by the officers who have been called upon to carry it into effect, made the basis of their constant and uniform practice for a long period of time, and generally acquiesced in, and not questioned by any suit brought, or any public or private action instituted, to test and settle the construction in the courts, is entitled to great respect, and if the statute is doubtful or ambiguous, such practical construction ought to be accepted as in accordance with the true meaning of the law, unless there are very cogent and persuasive reasons for departing from it." Black on Interpretation of Laws at pp. 221–2 citing among other cases from the U.S. Supreme Court, *Stuart v. Laird*, 1 Cranch 229; *U.S. v. Gilmore*, 8 Wall. 330; *Robertson v. Downing*, 127 U.S. 607; also citing *People v. Loewenthal*, 93 Ill. 191; *Westbrook v. Miller*, 56 Mich. 148; *Wetmore v. State*, 55 Ala. 198.

"A contemporaneous construction by the officers upon whom was imposed the duty of executing those statutes is entitled to great weight; and since it is not clear that that construction was erroneous, it ought not now to be overturned. See *Hahn v. United States*, 107 U.S. 405 and *Brown v. United States*, 113 U.S. 571, and authorities cited in each case." Harlan, J., in *United States v. Philbrick*, 120 U.S. 52, 59. This legal principle was approved in *United States v. Hill*, 120 U.S. 169, 183. That the principle as set

106

forth is generally recognized as the law in the United States appears from an examination of 59 *Corpus Juris,* Tit. "Statutes," Sec. 609 (3). It is a common law principle and is applicable in American Samoa. See Sec. 3 (1) of the Codification as amended.

Leases of houses such as the one concerned in the present case have no doubt been made in reliance upon the interpretation of the executive department from 1 Jan. 1932 to March 1939.

We can see no cogent reason for overturning that interpretation of the statute relied upon and so long made by the department whose duty it was to enforce it. The question as to whether a tax was due upon the portion of the rent allocable to the land was not presented by the pleadings nor was it argued. Hence it is not decided.

Judgment for defendant.