CHASEZ, Judge.
This is an injunction proceeding brought under LSA-R.S. 51:194 to enjoin the sale of shoes on Sunday.
Plaintiffs are: Baker’s Carrollton Shoe Store, Inc., Baker’s Shoe Stores, Inc., Burt’s Shoe Stores, Inc., Burt’s 1011 Canal Shoe Store, Inc., City Stores Company, D. H. Holmes Company Ltd., Lerner Shops of Louisiana, Inc., and Sears Roebuck and Co. Plaintiffs allege, and defendants admit, that each of the plaintiff corporations owns and operates one or more commercial establishments in New Orleans at which shoes (among other things) are sold.
Defendants are Circle Shoes, Inc., Gentilly Woods Shoes, Inc., who own and operate retail shoe stores in New Orleans; and Wiener Shoes, Incorporated, which owns all of the stock of the other two defendants. It is admitted that Circle Shoes, Inc., and Gentilly Woods Shoes, Inc., have been, for some time, selling shoes on Sunday.
From a preliminary injunction enjoining defendants Circle Shoes, Inc., and Gentilly Woods Shoes, Inc., from selling this merchandise on Sundays and enjoining Wiener Shoes, Incorporated from causing or permitting Sunday selling by the other defendants, all defendants appeal.
Defendants’ first complaint is that plaintiffs are not real parties in interest within the meaning of LSA-C.C.P. Art. 681. That article reads: “Except as otherwise provided by law an action can be brought only by a person having a real and actual interest which he asserts.” LSA-R.S. 51:194 *602 does otherwise provide, in authorizing “any person” to obtain an injunction.
Defendants argue that “any person” does not mean any person, since, he suggests, a Chicago dentist should not have been able to bring this suit. We agree the language must be given a reasonable interpretation, but it would be unreasonable to conclude that a local merchant is not “any person” within the obvious intendment of the statute.
Defendants’ next argument is that the Sunday sale of shoes is not proscribed by the statute. The pertinent wording of the statute prohibits sale, etc., of “any clothing or wearing apparel.” The contention of defendant is that shoes are neither clothing nor wearing apparel. While dictionary definitions do not list shoes under clothing or wearing apparel, Webster’s New International Dictionary, 2d ed., unabridged, does define “footwear” as “wearing apparel for the feet, esp. boots, shoes, etc.” Shoes are thus wearing apparel, and their sale on Sunday is enjoined by LSA-R.S. 51:194. Shoes have been held included in “clothing and wearing apparel, clothing accessories” in Commonwealth v. Levy, 197 Pa.Super. 297, 178 A.2d 858 (1962), and their sale on Sunday enjoined. Swayne v. Hager, C.C., 37 F. 780 (1889), dealt with the classification of items for customs duties and is not persuasive on the simple question of whether, in the ordinary meaning of the words, shoes are included within “clothing and wearing apparel.”
Defendants further contend that the phrase “clothing and wearing apparel” is so indefinite and vague as to require the courts to exercise a legislative function in specifying items of clothing and apparel, thus constituting an unconstitutional delegation of the legislative authority. Defendants suggest that the statute is vague in its application to ribbons, for example, which may be worn or may be used to wrap gifts. Were a ribbon store’s Sunday sales being sought to be enjoined, we might well conclude that the legislative language was insufficient for that purpose. But if the statute is vague about ribbons, it is not vague about men’s suits, ladies’ dresses, or shoes, all of which have as their exclusive natural purpose their use as wearing apparel. We are unable to find any unconstitutional vagueness in the statute as applied to defendants’ Sunday sale of shoes.
Defendants have also urged, “to preserve it as a point for further appeal,”' that the statute violates La.Const. Art. I,. Sec. 4, LSA, and U.S.Const. Amend. XIV,. in that it enforces a Christian Sabbath observance upon all citizens. We are of course, bound by the holding of State ex rel. Walker v. Judge of Section A, 39 La. Ann. 132, 1 So. 437 (1887), that a Sunday closing law (the one there involved is now LSA-R.S. 51:191—193) does not violate the cited constitutional provisions. See also McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), which provides a thorough historical discussion of both English and American Sunday laws,, showing that while their origins were expressly religious, the present bases for statutes are not.
 Finally, defendants contend that by closing them on Sundays the statute deprives them of their property without due process of law, violating La.Const. Art. I, Sec. 2, and Art. XIX, Sec. 14 relative to restraint of trade. Art. XIX, Sec. 14, does not prohibit Legislature from regulating or restraining trade; it prohibits “persons or corporations” from combining and conspiring to restrain trade, and prohibits monopolies or combinations to monopolize trade. The due process clause,. Art. I, Sec. 2, is also not violated; State ex rel. Walker v. Judge of Section A, supra. Such day of rest statutes are a particularly appropriate exercise of the state’s police power, in our opinion, since they assure (as far as reasonably possible) one day off each week to employees throughout the state—a respite necessary for body and mind, which the employees individually *603 might not be able to require of some employers without such statutes’ assistance. While an employer might, it is true, use employees in shifts of no more than six days each, or hire additional employees for the seventh day (as defendants testify they do), nevertheless we cannot say that it is unreasonable, for practical purposes of administration and enforcement of a six-day work week statute, to specify one day on which all employees be granted rest. Exceptions for reasonably necessary and appropriate items such as medicines and food do not, of course, render the general rule unreasonable or arbitrary.
We conclude, then, in summary, that plaintiffs have standing to bring this action; that the statute prohibits the Sunday sale of shoes; and that the statute is not vio-lative of any of the constitutional provisions cited by defendants.
Accordingly, the judgment appealed from is affirmed at defendants’ cost.
Affirmed.