SWARTS v. HAMMER.

(Circuit Court of Appeals, Eighth Circuit. February 2, 1903.)

No. 1,806.

1. BANKRUPTCY—TAXATION—PROPERTY IN HANDS OF TRUSTEE.
    Property of a bankrupt in the hands of the trustee in bankruptcy is subject to taxation.

Appeal from the District Court of the United States for the Eastern District of Missouri.

Lee Sale (Moses N. Sale, on the brief), for appellant.

Herbert R. Marlatt, George S. Johnson, Charles A. Houts, and Harry B. Hawes, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Solomon L. Swarts, as trustee in bankruptcy of the Siegel-Hillman Dry Goods Company, had in his hands as such trustee the sum of $68,320 belonging to the bankrupt estate, which sum was deposited to the credit of the trustee in the designated depository of the court. This money was so held by the trustee at the time appointed by the law of the state for the assessment of moneys and other personal property, and was duly assessed to the trustee. The trustee refused to pay the tax on this money in his hands, claiming that the bankrupt law exempted it from taxation. The referee decided it was liable to taxation, and this decision was affirmed by the district court, and the trustee appealed to this court.

The money was clearly liable to be taxed under the state law, and the tax is valid and collectible, unless the bankrupt act exempts it from taxation. Exemption from taxation is never presumed. The legislative intent to exempt property from taxation must be clearly and explicitly expressed. Whether Congress could rightfully exempt from state taxation the property of a bankrupt in the hands of a trustee in bankruptcy, and otherwise subject to taxation, we need not inquire. It has not attempted to do so, and it is highly probable it never will. The power of taxation, as well as the power to exempt from taxation, is a legislative, and not a judicial, function; and a bankrupt court, no more than any other court, can exempt from taxation property in the hands of one of its officers which is liable to taxation under the state law. It has never been questioned but what property in the custody and control of receivers and trustees of the federal courts was subject to taxation under the state law, the same as other like property. Judson on Taxation, section 407, and cases cited. And this applies to trustees in bankruptcy as well as receivers and trustees in other cases and proceedings in the federal courts. It is a grave mistake to suppose that property in the possession and custody of an officer of the federal court by that single fact enjoys immunity from taxation. So far from exempting property in the custody and possession of its officers from taxation, a federal court, upon proper application, will always order and direct the payment of the taxes duly assessed on such property, and treat the same as a preferred claim against the estate or fund. Judson on Taxation, section 541.

The decree of the District Court is affirmed.