## In re SCHEIDT BROS.

(District Court, S. D. Ohio, E. D.  February 24, 1908.)

### No. 1,475.

BANKRUPTCY (§ 314*)—CLAIMS—DELINQUENT TAXES—PENALTY.

Since under the Ohio law (Rev. St. Ohio 1908, §§ 1094, 2855), imposing penalties for nonpayment of delinquent taxes, the penalty on delinquent personal property taxes takes the place of interest, a penalty added to a bankrupt's delinquent personal property tax was allowable as a claim against the bankrupt's estate, under Bankr. Act July 1, 1898, c. 541, § 64, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), specifying the claims entitled to priority.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In the matter of the bankruptcy proceedings of Scheidt Bros.  On petition for review of an order disallowing a penalty for the nonpayment of delinquent taxes on personal property as a claim against the estate.  Reversed.

E. F. O'Neal, for petitioner.
C. T. Marshall, for trustee.

SATER, District Judge.  Section 2855, Rev. St. Ohio 1908, provides that immediately after the semiannual settlement for taxes in August of each year the county auditor shall add a penalty of 10 per cent. to all taxes on personal property remaining unpaid, as shown by the county treasurer's books.  If the taxes be not then paid within the time named in section 1094, Rev. St. 1908, and the county treasurer

thereafter proceeds to collect them by distress, or action, or rule of court, or special effort in person or through his agent (Hunter v. Borck, 51 Ohio St. 320, 37 N. E. 714), a further penalty of 5 per cent. is added to them, for his use as compensation. Taxes on personalty, unlike those on realty, are not made a lien on any of the owner's property. The referee held that under section 57j of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) the penalty is not allowable as a claim against the estate.

No question as to taxes accruing and penalties imposed subsequent to the institution of the bankruptcy proceedings is involved. Whatever may be the rule elsewhere, in Ohio the penalty takes the place of interest. Bridge Co. v. Mayer, 31 Ohio St. 317, 328. Its allowance is intended to cover interest until the delinquent taxes are put into judgment (Wheeling & Lake Erie Ry. Co. v. Wolfe, 13 Ohio Cir. Ct. R. 374), or are paid voluntarily, or are collected by special effort of the treasurer, in person or by his agent—in some manner other than by process of law. The penalty, being treated as interest, is collectible as a part of the tax itself. 27 Am. & Eng. Ency. Law, 777, 778, 779. Under section 64 of the bankruptcy act, the referee should have directed payment of both taxes and penalty. Re Kallak (D. C.) 147 Fed. 276.

Referee reversed.