## In re CROWELL.

(District Court, D. Massachusetts. May 31, 1912.)

No. 16,628.

**1. BANKRUPTCY (§ 262*)—TAXATION (§ 87*)—PROPERTY OF BANKRUPT.**

Though a bankrupt's estate is not withdrawn from taxation by bankruptcy proceedings, but is subject to taxation in the trustee's hands, a trustee was not required by Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that the court shall order trustees to pay all taxes lawfully due and owing by the bankrupt in advance of dividends to creditors, to pay taxes assessed against land which became a lien subsequent to a sale by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363-365; Dec. Dig. § 262;* Taxation, Cent. Dig. § 177; Dec. Dig. § 87.*]

**2. BANKRUPTCY (§ 262*)—SALE OF ASSETS—REAL PROPERTY—TAXES—PAYMENT BY TRUSTEE.**

Bankrupt's trustee having been ordered to sell certain real property belonging to an estate "free from any incumbrances or lien of any other party" published notice of the sale to take place March 25, 1911, which recited that, by order of the United States court, each lot would be sold separately free from any incumbrances or lien of any other party, on terms of 5 per cent. cash, balance on delivery of deed within 30 days. Petitioner purchased one of the lots, paid 5 per cent. cash at the time of sale, but the deed was not delivered until April 29th following, when the remainder of the cash was paid. Prior thereto, on April 1st, the town assessed taxes against the lot for the year 1911, which became a lien on that date. *Held*, that the trustee had no jurisdiction to warrant the land free from liens or incumbrances other than those specified by the order of sale, and hence he was not bound to reimburse the purchaser for the taxes so paid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363-365; Dec. Dig. § 262.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of William N. Crowell. On petition for review of referee's order dismissing petition of the A. Homer Skinner Lumber Company for an order requiring the trustee to pay certain taxes. Affirmed.

John A. Kerns, for petitioner.
William H. B. Kendall, trustee in bankruptcy, pro se.

DODGE, District Judge. On February 8, 1911, the referee authorized the trustee to sell certain real estate in the town of Somerset which formed part of this estate in bankruptcy, "free from any incumbrance or lien of any other party." The trustee published notice of this intended sale, to take place March 25, 1911. The publication was on various dates in March, 1911, prior to the 25th. There were four separate lots to be sold. The notice published contained the following:

"By order of the United States court each lot will be sold separately and will be sold free from any incumbrance or lien of any other party."

The petitioner for review was the highest bidder at the sale for one of the lots, and the property was declared sold to him. The published notice further stated:

"Terms 5% cash. Balance upon delivery of deed within thirty days."

The petitioner for review paid the 5 per cent. in cash at the time of the public sale. The trustee delivered to him a deed of the lot, according to the referee's certificate, on April 24, 1911. The deed bore that date, but there is reason to believe that the petitioner desired certain changes in the deed as first drafted and tendered on April 24th, and that the deed was not finally delivered until April 29th, at which time the remainder of the purchase price was paid. The deed itself was not put in evidence at the hearing.

So far as appears, there was no existing tax lien upon the lot when the referee's order was made, nor when the notice was published, nor at the time of the public sale. Later, however, on some date not shown, the town of Somerset assessed taxes to the amount of $30.94 against the lot, for the year beginning April 1, 1911, which taxes became, when assessed, a lien upon the lot, taking effect from April 1, 1911. On October 3, 1911, the petitioner for review filed a petition with the referee asking that the trustee be ordered to pay these taxes. Later, on January 17, 1912, another petition was filed, making the same request upon allegations somewhat amended and amplified. After a hearing upon this petition, the referee found in the trustee's favor, thereby dismissing it. This dismissal the purchaser now seeks to review.

[1] Section 64a of the Bankruptcy Act, which requires the court to order trustees to pay all taxes legally due and owing by the bankrupt, in advance of dividends to creditors, has no direct bearing upon the question here presented. It is true that property of the estate is not withdrawn from taxation by the bankruptcy, but remains subject to taxation while in the trustee's hands, also that taxes assessed upon it after the bankruptcy, though never due or owing by the bankrupt, are to be treated by the court as preferred claims. Swarts v. Hammer, 120 Fed. 256, 257, 56 C. C. A. 92; Id., 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060; Re Prince & Walter (D. C.) 131 Fed. 546. But no attempt is now made to prove or have allowed any claim for these taxes as a claim against the estate. The town of Somerset has presented no such claim, nor does the petitioner, having paid the taxes, seek to prove against the estate, in subrogation to the town's rights. The petitioner rests its claim upon the contention that its purchase of the lot under the order of sale has entitled· it to have the land free of any lien or incumbrance at the time it paid the balance of the agreed purchase money and took the trustee's deed.

[2] The referee's order to sell, made on February 28, 1911, neither had nor could have had any application to the lien afterward created by the assessment of these taxes. Not only had no such lien then come into being, but what the liens or incumbrances were to which the referee's order referred appears from the petition for the order. This set forth that there were certain mortgages on the land; that one of the mortgages was to the petitioner for review and its validity disputed; that the land had been conveyed subject to conditions; and that it had been attached. To the validity, as against him, of any order to sell free from incumbrances, it

is essential that a lienholder whose rights may be affected should have had due opportunity to defend his interest, and due notice to appear for that purpose. Ray v. Norseworthy, 23 Wall. 128, 135, 23 L. Ed. 116; Re Foundry & Machine Co. (D. C.) 147 Fed. 828. The lienholders named as above in the petition for sale are the only lienholders who could have had such notice, or who could have been affected by the order. No other lienholders can be supposed to have been within the contemplation of the court in making the order for sale, or of the trustee in advertising the sale, or of the purchaser or other bidders at the sale. Since no lien for these taxes existed when the order was made, or the sale advertised, or when the sale thus ordered and advertised took place, no such lien was or could have been removed from the property or transferred to the proceeds by virtue of the order and the sale made in pursuance thereof. What the trustee received from the purchaser at the sale, and now holds, he must be considered to hold as representing the property freed from those liens which the petition described, if any, but freed from no others. The court cannot award any part of it in satisfaction of a lien never transferred to it.

It was not for the trustee to warrant the land free from all liens or incumbrances, whether those contemplated by the proceedings or not. To do so would be beyond his official authority. He was authorized to convey only the interest in the land vested in him as trustee, free from liens or incumbrances only to the extent sanctioned by the order of court.

The trustee, as has appeared, advertised that the balance of the purchase money would be payable upon delivery of the deed within 30 days, and it is true that 30 days from the advertised time of sale did not expire until April 25th, after these taxes had been assessed. But there was nothing in the order of sale which is sufficient to make these provisions part of the terms of sale ordered by the court, nor to enlarge the scope of the order as above defined.

Had the trustee been selling his own property and undertaking with the purchaser to give a clear title, he might well be required to protect the buyer against all incumbrances existing when the deed was finally delivered and the property paid for, whether existing or not at the time he put the property up at auction. The circumstances of this transaction, however, are different, and do not require the same conclusion. I must consider this petitioner to have understood when he paid the balance of the amount he had bid at the sale that he was paying only for what the trustee had been authorized by the court to sell him. That his present application to the court was not made until nearly six months after he had made the payment, is a strong indication that such was also in fact his actual understanding at the time.

The referee's order dismissing the petition is approved and affirmed.