STANARD, County Treasurer, et al. v. DAYTON.

DAYTON v. STANARD, County Treasurer, et al.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

Nos. 4218 and 4223.

1. BANKRUPTCY ⬅︎314—CLAIMS—PRIORITIES—PAYMENT OF TAXES.
Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 (Comp. St. 1913, § 9648), § 64a, providing that the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, taxes accruing after bankruptcy proceedings are instituted are included among those to be paid.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. ⬅︎314.]

2. BANKRUPTCY ⬅︎322—CLAIMS—PRIORITIES—PAYMENT OF TAXES.
Bankr. Act, § 64a, relative to the payment of taxes, contemplates the payment of interest and penalties on taxes in default, as penalties imposed by law for the nonpayment of taxes become a part of the taxes.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510; Dec. Dig. ⬅︎322.]

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⊚⟶322—CLAIMS—PRIORITIES—PAYMENT OF TAXES.

Though proceedings may be instituted by the proper state, county, or municipal officers to require a trustee in bankruptcy to pay taxes, it is the trustee's duty to ascertain what the taxes are, and to secure authority to pay them, and his failure to perform this duty will not suspend state statute imposing penalties for nonpayment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510; Dec. Dig. ⊚⟶322.]

4. BANKRUPTCY ⊚⟶215—TAX SALES—AVOIDABILITY.

Tax sales of a bankrupt's property, made after the adjudication of bankruptcy, may be avoided.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 324–326; Dec. Dig. ⊚⟶215.]

5. BANKRUPTCY ⊚⟶215—TAX SALES—AVOIDABILITY.

When a tax sale of a bankrupt's property is set aside at the instance of the trustee, the purchasers are entitled to reimbursement for the amount paid at such sales and subsequent taxes paid by them, together with interest thereon, as provided by state laws relative to redemption from tax sales, out of the general fund, regardless of the amount which the particular property may bring at bankruptcy sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 324–326; Dec. Dig. ⊚⟶215.]

Appeal from the District Court of the United States· for the District of Colorado; Robert E. Lewis and John A. Riner, Judges.

Action by William L. Dayton, trustee in bankruptcy, against A. H. Stanard, Treasurer of the County of Pueblo, State of Colorado, and others. From a decree, defendants appeal, and plaintiff files cross-appeal. Plaintiff's cross-appeal dismissed, and decree modified.

John F. Mail, of Denver, Colo., for appellants.
Harvey Riddell, of Denver, Colo., for appellee and cross-appellant.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. On the 16th day of January, 1908, James B. Orman and William Crook, partners as Orman & Crook, were adjudged bankrupts, and on the 6th of February, 1908, William L. Dayton was appointed trustee of the bankrupt estate. Among the assets belonging to said estate were a number of lots in Pueblo, Colo. At the time of the adjudication the general taxes and certain special assessments against said lots for the years 1906 and 1907 were due. On the 9th of November, 1908, and at various times thereafter, the taxes remaining unpaid, the appellant, Stanard, as county treasurer of Pueblo county, after giving the notice required by law, proceeded to sell said lots for the general taxes· and special assessments of 1906 and 1907. Certificates of purchase were issued to the purchasers at such sale, some of whom are appellants.

From time to time thereafter the appellants, other than Stanard, paid certain subsequent taxes and special assessments on the same lots. Notice was given, as required by law, that tax deeds would be issued on the certificates of purchase. The trustee brought this suit: (1) To enjoin the issuance of any tax·deed for default in the payment of gen-

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

eral taxes or special assessments. (2) To have all tax sales declared void. (3) For authority to sell the property free and clear of liens for such taxes and special assessments. (4) To compel the appellants to look to the proceeds of the sales of the properties against which each of them held certificates of purchase, and to such proceeds only, for reimbursement, if they should be adjudged to have valid claims for reimbursement.

Appellants moved to dismiss the bill, and the motion was overruled. They then filed answer, which raises practically the same questions which were raised by the motion to dismiss. The decree contained the following order:

"It is further ordered that each of said respondents, who became a purchaser or assignee of a purchaser of any said real estate, or any part or parcel thereof, at said tax sale of November 9, 1908, has the right to be repaid out of the proceeds arising from the sale by the trustee in bankruptcy of that particular lot or parcel as to which said respondent or his assignor holds any such certificate of purchase, but not otherwise, for the amount of taxes assessed against said lot or parcel for the taxes of the year 1906, and for any said special assessments for paving or for storm and sanitary sewer, and for the interest or penalties that may have accrued upon any such tax or special assessment up to the 6th day of February, 1908, amounting to 10¼ per cent. of the tax so assessed, and also for the principal sum of any subsequent taxes that may have been paid by the holder of any such certificate of purchase, but that no said respondent be paid therefrom any interest, penalties or costs, or other sum, over or beyond the principal of said taxes and special assessments as assessed, except the interest and penalties that may have accrued up to February 6, 1908, aforesaid."

The assignments of error in No. 4218 are substantially that the court erred: (1) In holding the tax certificates void. (2) In limiting the amount which should be refunded to each certificate holder to the taxes and special assessments, interest, and penalties which accrued up to February 6, 1908, and the principal sum paid by them after that date.

The trustee took a cross-appeal, which is No. 4223 here, and assigned as error the finding of the court that appellants should be reimbursed at all.

The bill alleges that the trustee has been in possession of all the property involved in this suit since his appointment as trustee. That allegation is not denied. This case is governed by the decision of this court in the case of In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465. The court there said:

"We do not mean that property in the course of administration under the Bankruptcy Act is exempt from taxation, or freed from tax liens or claims theretofore fastened upon it (Swarts v. Hammer, 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060, and cases supra), but that it is in custodia legis, and that any act interfering with the court's possession, or with its power of control and disposal, and done without its sanction, is void. The general rule is practically conceded; but it is said that the procurement of the tax deed was not such an interference, because it merely perfected an incipient title, and did not disturb the possession. The distinction does not impress us. The issuance of the deed was the principal act connected with the sale. If effective, it extinguished the right of redemption, which was still alive, transferred to the vendee the title and right of possession, became prima facie evidence of the validity of the sale and the proceedings anterior to it, and started the statute of limitations to running against any claim to the contrary. The attempt to

thus strip the court of all but the naked possession was plainly an interference with its power of control and disposal, and consequently was of no effect without its sanction, although the possession was not then disturbed. Such is the effect of the ruling in Wiswall v. Sampson [14 How. 52, 14 L. Ed. 322] and Barton v. Barbour [104 U. S. 126, 26 L. Ed. 672]. The cases of Rice v. Jerome, 97 Fed. 719, 38 C. C. A. 388, and Whitehead v. Farmer's Loan & Trust Co., 98 Fed. 10, 39 C. C. A. 34, relied upon as expressing a contrary conclusion, do not, as we think, go further than to hold that when the question is presented to the court before the tax deed is issued, and it appears that there is no lawful objection to the recognition of the tax claim, and that there has been no offer to redeem, the fact that the property is in custodia legis is not of itself enough to warrant the court in withholding its sanction to, or in enjoining, the issuance of the deed."

[1, 2] Under section 64a of the Bankrupt Act the court is required to—

"order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors."

Taxes accruing after bankruptcy proceedings are instituted are included among those to be paid. Swarts v. Hammer, 120 Fed. 256, 56 C. C. A. 92; Id., 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060; City of Waco v. Bryan, 127 Fed. 79, 62 C. C. A. 79. While the Bankrupt Act does not, in terms, provide for the payment of interest and penalties on taxes in default, we think such payment is clearly contemplated. The penalties imposed by law for nonpayment of taxes become a part of the taxes. In re Prince & Walter (D. C.) 131 Fed. 546; In re Kallak (D. C.) 147 Fed. 276; In re Scheidt Bros. (D. C.) 177 Fed. 599.

In the case of Swarts v. Hammer, 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060, it is said that the referee allowed a tax bill, "together with the accrued penalties and fees provided by law." On review the District Court affirmed the order as to the amount of taxes, but disapproved it as to penalties and fees. It does not appear that exception was taken to that portion of the order disallowing penalties and fees. Neither the Court of Appeals nor the Supreme Court was called upon to consider that question.

[3-5] Proceedings may be instituted by the proper state, county, or municipal officers to require the trustee to pay taxes. Hecox v. Teller County, 198 Fed. 634, 117 C. C. A. 338. Nevertheless, it is the duty of the trustee to ascertain what the taxes are and to secure authority to pay them. In re Kallak (D. C.) 147 Fed. 276. His failure to perform this duty will not suspend state statutes imposing penalties for nonpayment. Tax sales, made after adjudication of bankruptcy of property belonging to the bankrupt estate, may be avoided; but purchasers will be entitled to reimbursement for the amount paid at such sales and subsequent taxes paid by them, together with interest thereon, as provided by the laws of Colorado on redemption from tax sales of lands, out of the general fund, regardless of the amount which the property may bring at bankruptcy sale.

Property may not be taken from estates in bankruptcy through the operation of state tax statutes. At the same time such property is subject to all taxes, and penalties for nonpayment thereof, that other property is subject to.

The decree of the lower court in No. 4218 will therefore be modified, in accordance with the views herein expressed, and, as modified, it will be affirmed; and the cross-appeal in No. 4223 will be dismissed.