### In re J. MENIST & CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 9, 1923.)

No. 244.

1. Bankruptcy ⬅346—A tax is a "debt."

Under the Bankruptcy Act a tax is a "debt," given priority as such by section 64a (Comp. St. § 9648a).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. Bankruptcy ⬅346—Interest on delinquent income tax allowable at legal rate only.

The provision of Income Tax Act Sept. 8, 1916, § 14a (Comp. St. § 6336n [a]), that on failure to pay the tax when due "there shall be added the sum of 5 per centum on the amount of tax unpaid and interest at the rate of one per centum per month," made applicable to Act Oct. 3, 1917, by section 212 thereof (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅘m), is one for a penalty with respect to both the 5 per centum and the interest, and under Bankruptcy Act, § 57j (Comp. St. § 9641 [j]), such interest is allowable against a bankrupt estate, but only for the amount of pecuniary loss sustained, which is measured by legal interest.

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of J. Menist & Co., Inc. On petition by the United States to review an order of the District Court. Affirmed.

See, also, 289 Fed. 229.

Appeal from an order in bankruptcy entered in the District Court for the Southern District of New York. The petition in this matter was filed March 20, 1920. On November 28, 1919, the United States had assessed on Menist's income for 1917 an additional tax of $2,421.75, and required the corporation to pay the same on December 11, 1919. No payment was made. On May 5, 1921, the United States filed a claim in this proceeding for the said tax plus 5 per cent. penalty and 1 per cent. interest per month until paid. That the tax was duly levied and is correct in amount are matters not in controversy.

The statutory justification asserted for the demand of interest and penalties is Act Oct. 3, 1917, 40 Stat. 300, § 212 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅝m) making section 14 (a) of the Act of September 8, 1916, 39 Stat. 756 (Comp. St. § 6336n [a]), applicable to taxes under the 1917 act. By these statutes it is provided that " * * * to any sum or sums due and unpaid after the fifteenth day of June of any year, or after one hundred and five days from the date from which the return of income is required to be made by the taxpayer, and after ten days' notice and demand thereof by the collector, there shall be added the sum of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due."

At the hearing below the United States withdrew its claim for the penalty of five per centum, but insisted upon the demand for one per cent. per month under the guise of lawful interest. The lower court held that so-called interest at the rate of 1 per cent. a month amounted to a penalty, and therefore allowed the tax, with interest at 6 per cent., to be computed to the day of the date of payment by the trustee. There appears to be an error in the transcript as to the time when interest should begin. It has not been insisted upon in argument and may be corrected by agreement. From the order embodying this decision the present appeal was taken.

William Hayward, U. S. Atty., of New York City (Victor House, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (E. Fichandler, of New York City, of counsel), for trustee in bankruptcy.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The fundamental proposition thought to justify this appeal is that a tax is not a debt. This is usually true; taxes are not treated as debts, because the latter are obligations founded on contract, while taxes are imposts levied by government and operating in invitum. Meriwether v. Garrett, 102 U. S. 472, at pages 513, 514, 26 L. Ed. 197. But we are here concerned only with the bankruptcy statute, and a tax, whether due to the nation, to a state, or any other lawful taxing power, is a species of debt under that act. This is because it is called a debt by the statutory caption of section 64, which is the law invoked, and properly invoked, by the government in pursuing its present demand. 30 Stat. p. 563 (Comp. St. § 9648). Further, this court has so decided in Re Sherwoods, 210 Fed. 754, 758, 127 C. C. A. 304, Ann. Cas. 1916A, 940, and the point is elaborately and well treated in Kaw, etc., v. Schull, 230 Fed. 587, 144 C. C. A. 641, L. R. A. 1916E, 628.

[2] A tax being then a preferred debt, neither interest nor any other derivative or appended claim can rise higher than the tax debt which

gives it birth and being, and it is provided in respect of all debts "owing to the United States, a state, a county, etc." as a penalty, shall not be allowed, except for the amount of the pecuniary loss sustained in the proceeding out of which the penalty arose. Section 57j (Comp. St. § 9641[j]). It is a matter almost too plain to require citation that an exaction may be a penalty without being called by that name. Fontenot v. Accardo (C. C. A.) 278 Fed. 871, at page 874. The question is often one of degree, for no one would doubt that, if the statutory rate for withholding a tax was 1 per cent. a day, the requirement would be treated as a penalty.

Subject to statutory limitation, the rate of interest or, what is the same thing, compensation for the use of money, is ordinarily fixed by agreement of parties. But in tax matters there is no such agreement; one party commands and the other must obey, and again subject to constitutional limitations the commanding party may impose any terms of payment that it pleases, and it makes no difference whether the price of delayed obedience is called interest, or penalty, or fine, or additional tax; every increase over the amount that satisfies the tax, if paid the moment it is levied, is merely an additional exercise of the power of the taxing authority.

Since in bankruptcy (and we are solely concerned with bankruptcy) the power of ascertaining the amount or legality of any tax is vested in the court (section 64a), and penalties are not to be allowed, except for the amount of pecuniary loss sustained by the delayed payment, the only question here is whether an exaction of 1 per cent. a month as the price of delay amounts to a penalty. As to nature of interest generally see Agency, etc., Co. v. American Co., 258 Fed. 363, at page 372, 169 C. C. A. 379, 6 A. L. R. 1182. On the point at bar we are in accord with In re Ashland, etc., Co. (D. C.) 229 Fed. 829, and hold that, there being no evidence of any injury or damage to the government by the withholding of this tax, except that which flows from the nonpayment of a just debt, anything in excess of the legal rate of interest is to be treated as a penalty and not allowed.

The point seems not to have been argued in Re Kallak (D. C.) 147 Fed. 276, in Re Scheidt (D. C.) 177 Fed. 599, or in Re Quinones, 39 Am. Bankr. R., 320; but in the implications of these cases we cannot concur. As the question here arises under the Bankruptcy Act, United States v. Guest, 143 Fed. 456, 74 C. C. A. 590, does not apply; there being no reason why a penalty, by whatever name called, may not be enforced against an individual, if properly expressed in agreement or statute.

The question remains whether a tax demand, duly proved, should continue to draw interest at the legal rate after the filing of petition for adjudication. The general rule is, of course, that interest stops with petition filed (Sexton v. Drefus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244), but a tax debt, due to any of the taxing authorities enumerated in section 64a, is not only a highly preferred debt, but the section contains specific directions that the trustee shall pay "all taxes legally due and owing." That means legally due and owing in accordance with the provisions of the Bankruptcy Act, and under that stat-

ute section 57j requires penalties due to the United States, or a state, etc., to be allowed to the extent of the pecuniary loss suffered. The loss continues as much after petition filed as before.

We agree with the court below that these directions cannot be fulfilled, except by an order on the trustee to pay the tax, with lawful interest down to the date of actual payment.

Order affirmed.