## In re HEREFORD OIL CO.

### No. 407.

District Court, N. D. Texas, Wichita Falls Division.

Oct. 17, 1930.

Harris & Martin, of Wichita Falls, Tex., for the petition.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., opposed.

ATWELL, District Judge.

The referee required a deposit of $11,000 by the bankrupt to make good a composition offer to pay unsecured creditors 20 per cent., and to pay prior claims in full. The offer contained these words, "does hereby offer a composition of twenty per cent. of the claims of its creditors allowed, or to be allowed, except those entitled to priority in this proceeding."

That language can mean but one thing, namely, that the bankrupt offered to pay all priorities in full and all other creditors 20 per cent. For that purpose $11,000 were made available. Section 3466, R. S. U. S. (31 USCA § 191); Section 64a, Bankruptcy Act (11 USCA § 104(a); Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536; Cumberland Glass Mfg. Co. v. De Witt, 237 U. S. 447, 35 S. Ct. 636, 59 L. Ed. 1042; In re Passow & Sons (C. C. A.) 300 F. 544; Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676; Villere v. U. S. (C. C. A.) 18 F. (2d) 409, 53 A. L. R. 571; Wechsler v. U. S. (C. C. A.) 27 F.(2d) 850; Price v. U. S., 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373; Spokane County v. U. S., 279 U. S. 80, 49 S. Ct. 321, 73 L. Ed. 621; New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284; In re Kallak (D. C.) 147 F. 276; Stanard v. Dayton (C. C. A.) 220 F. 441; In re De Angeles (C. C. A.) 36 F.(2d) 218; Dallas v. Menezes (C. C. A.) 16 F.(2d) 779; In re Anderson (C. C. A.) 279 F. 525.

■ The foregoing authorities indubitably settle the essentials of a composition offer, and the result of such offer. The national government has a priority. A composition is not a composition until and unless the offer includes the payment of such priority and there must be sufficient funds deposited to do this. An offer that falls short of these requisites cannot defeat them.

The offer was made on April 7, 1928. On April 28, 1928, Mrs. Brownlee filed her proof of claim, which showed an unsecured amount of $3,879.69, and a secured debt of $8,390.34. The debtor's schedule showed a debt to the collector of internal revenue, amount unknown.

On May 5th, the $11,000 were deposited. On August 29 the collector of internal revenue filed a claim for $1,007.47, and a claim for $255.64. On June 11th, the United States district judge confirmed the composition and ordered that "the distribution * * * shall be made * * * by the referee * * * as provided by the national bankruptcy act." On February 12, 1930, Mrs. Brownlee amended her claim, claiming the original unsecured amount, and added thereto an allegation that, on the $8,390.34, originally listed as secured, she had accepted the drilling rig that was the security, at a valuation of $5,000, which left a balance on that particular item of the bankrupt's debt to her of $3,390.34. She had received her 20 per cent., in the meantime, upon her original claim which showed $3,879.69 to be a general or unsecured one. And she now wants 20 per cent. upon the $3,390.34.

The claims of the collector of internal revenue being contested by the bankrupt, has left in the hands of the referee $1,037.94, which the government claims.

Manifestly, the computation made by the referee and the bankrupt and creditors, and which estimated that $11,000 would accomplish the composition, was less than that which would have been necessary to pay 20 per cent. and all priorities.

There is a statement in the record that, "after the confirmation of the composition the bankrupt disposed of the entire corpus of this estate and has no funds."

The amount demanded was insufficient to comply with the offer. That being true, the court would upon application order the bankrupt to make good its composition by the deposit of a sufficient amount to cover priorities and 20 per cent. upon the general claims.

■ As to the amended claim of Mrs. Brownlee, it seems to the court that while the schedules of the bankrupt showed that her security was only worth $5,000, she, herself, in her proof of claim, misled the officers of the court —the referee—into thinking that she had a secured claim for the $8,390.34 and an unsecured claim for $3,879.69, and that the payment of the 20 per cent. dividend upon the unsecured claim would be satisfactory to her. There was no settling through the referee's office of the secured claim by the taking of the mortgaged property at $5,000 and the proving of the balance of the secured claim against the estate. This seems to have been done almost two years afterward, and, also, it seems to have been done with a stranger. Hence, her right, if any she had, to do what she attempted to do in 1930, was lost. She is now estopped to come in and claim a part of a fund that was set aside for a priority. Of course, the officers of the court should not have permitted a sum to have been deposited without knowing whether that sum would be sufficient to pay the priority of national taxation; and it seems that the amount was requested before the collector had filed any claim showing the amounts of such taxes, hence some blame must attach to the officers.

■ The court takes this view, even though the case of In re Everick Art Corporation et al., 39 F.(2d) 765, C. C. A. Second Circuit, holds that where the bankrupt shows by his schedules that there is an excess of indebtedness over the security he must be deemed to include the secured creditor to the extent of such excess in his offer of composition, and that the court may require the bankrupt to deposit money for composition dividends after the confirmation of the composition, and for that purpose retains jurisdiction. It seems to the court that it would be a harsh rule to allow the creditor to file a claim setting forth the amount that was secured and the amount that was unsecured, and to stand by while the officers of the court were making calculations on figures that included such claim, for the purpose of ascertaining the amount that the bankrupt should deposit, and then, after the expiration of eighteen months, and after an outside settlement in which the officers of the court were not called upon to perform any service, again enter as a claimant for an alleged balance upon the original secured claim. But no one has pleaded such estoppel and the foregoing observations seem to rule no present issue.

It is the order of the court that the action of the referee be affirmed.