## In re PREBLE CORPORATION.
### No. 19880.

District Court, D. Maine, S. D.
Aug. 4, 1936.

William B. Nulty, of Portland, Me., for petitioners.

J. D. Clifford, Jr., of Portland, Me., and Joseph B. Jacobs, of Boston, Mass., for debtor corporation.

PETERS, District Judge.

The particular phase of this matter to be considered is the petition filed by intervenors representing the first mortgage bondholders asking for an order directing the trustees, out of the rents collected and in their hands, to pay a balance of taxes for the year 1935, assessed by the city of Portland on the property under the management of the trustees. A payment of about $4,700 was made on account March 18th, last, and there is a balance due of approximately $30,000. At a hearing, after notice given, objection to such an order was interposed by counsel representing the debtor.

The petition of the debtor corporation under 77B of the Bankruptcy Act (11 U.S. C.A. § 207) was approved December 31, 1934; trustees were appointed and authorized to carry on the business, which business was the operation and management of a large piece of improved real estate in the heart of the city of Portland, from which the annual rents received by the trustees considerably exceed taxes, wages, insurance, and other expenses of administration.

The trustees took possession of the real estate immediately upon their appointment, and the taxes in question were assessed during their custody which still continues. No question arises as to the legality of the assessment.

It is hardly necessary to state that ordinary prudent management of income-paying real property by trustees requires the payment of current taxes; but counsel for the debtor in this case urges that the order for payment is not permitted by reason of the wording of the amendment of May 27, 1926, to section 64a of the Bankruptcy Act (11 U.S.C.A. § 104 (a). The paragraph as amended reads as follows: "(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: *Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court.* Upon filing the receipts of the proper public officers for such payments, the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." The italicized wording represents the amendment.

I do not consider that the amended statute constitutes a bar to the issuing of an order for payment of taxes in this case.

The amendment was passed to correct an injustice which was often brought about under the unamended section when a trustee in ordinary bankruptcy proceedings, in the course of liquidating assets for distribution among creditors, found mortgaged real estate in which there was no equity and which could be of no benefit to general creditors and would naturally be disclaimed. Nevertheless the trustee was

obliged by law to take money from the estate and pay taxes on the mortgaged property for the sole benefit of the mortgagees.

Assuming, as apparently claimed by counsel, that in the event of liquidation the balance of rents and profits in the hands of the trustees would go to general creditors and not to mortgagees (who have been prevented in these proceedings from taking possession and receiving the income of the property), to refuse an order for the payment of these taxes would work an injustice the other way around and take money from the mortgagees and give it to general creditors; it having been established that the debtor here is insolvent and that the mortgaged real estate is worth less than the first mortgage.

█ But, regardless of the inequitable effect of the application of the statute in this case (which would not be a controlling consideration), it is clear that the statute does not operate to prevent payment of taxes in a case of reorganization proceedings pending under 77B where trustees appointed by the court have, under its authority, taken possession of the mortgaged real estate and its income.

█ Generally speaking, property in the custody and control of federal receivers and trustees is subject to taxation under state law the same as any other property. Henderson County v. Wilkins (C.C.A.) 43 F.(2d) 670; Swarts v. Hammer (C.C.A.) 120 F. 256; Id., 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060; Central Vermont Ry. Co. v. Marsch (C.C.A., First Circuit) 59 F. (2d) 59.

In the case of Robertson v. Goree (C. C.A.) 29 F.(2d) 261, the court in the Fifth Circuit, speaking of the statute and the amendment, in a bankruptcy case where a trustee took over mortgaged real estate, said:

"This section creates a charge against the general estate for all taxes owing by the bankrupt, even though levied on property which did not pass into the hands of the trustee in bankruptcy. * * *

"Under the amendment the trustee is no longer required to pay all taxes due by the bankrupt upon property which it is not to the interest of the trustee to take over and administer for the benefit of creditors. Even before the amendment the trustee had the right to refuse to accept burdensome property. * * *

"But this property was not rejected as burdensome. In fact, it was not burdensome to the trustee, for he received more in rent than he paid out in taxes. The trustee, having taken over the property, was under the same duty that the owner theretofore had been to pay the taxes, and when they were paid he could not charge the lienholder."

A proper performance of the duty to protect the property intrusted to its agents by the court requires the payment of taxes. In this case taxes are a part of the necessary expense of carrying on the business.

"The trustee is subject to all state and local taxes which are applicable to the business which he conducts."

"If the trustee fails to pay taxes in a proper case, although he has sufficient funds to do so, and thereby subjects the estate to interest and penalties, he will be surcharged to the extent of such interest and penalties." Gerdes on Corporate Reorganizations, vol. 1, § 400.

Since the passage of the amendment to section 64, above referred to, Congress, by Act of June 18, 1934 (28 U.S.C.A. § 124a), has made it still more clear that business conducted by Federal trustees is subject to all local taxes. "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business was conducted by an individual or corporation."

By U.S.C.A., title 28, § 124, federal receivers or managers of property are instructed, under heavy penalties for willful violation, to manage and operate the property according to the laws of the state "in the same manner that the owner or possessor thereof would be bound to do if in possession."

The payment of the taxes involved in this case is not only not prohibited, but is absolutely required by law.

The petition is granted. An order will be issued as prayed for.