[Civ. No. 7643. Fourth Dist., Div. One. Feb. 25, 1966.]

JOSEPH GENTILLALLI, Plaintiff and Appellant, v. THE COUNTY OF SAN DIEGO, Defendant and Respondent.

Langford, Langford & Lane and J. Perry Langford for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, Duane J. Carnes and Lawrence Kapiloff, Deputy County Counsel, for Defendant and Respondent.

CONLEY, J.*—James Carr, a Deputy Tax Collector of the County of San Diego, conducted an auction sale of personal property owned by Claude S. Henninger, doing business as A & L Distributors, for the purpose of producing and collecting unpaid taxes on the articles. Joseph Gentillalli, the plaintiff

*Assigned by the Chairman of the Judicial Council.

and appellant, attended the sale intending to purchase the property. After the commencement of the auction, but before its conclusion, Mr. Henninger tendered the total sum of taxes due to Mr. Carr; the latter initially refused to accept it saying that the tender came too late.

The auction continued and Mr. Gentillalli, having made the highest bid, was pronounced successful by Mr. Carr. Although the sale had been advertised for cash, Mr. Gentillalli did not have sufficient money on his person to pay what he had bid, and Mr. Carr generously, but without legal sanction, said that he might go to the bank and get the money and pay it to the tax collector within two hours. While Mr. Gentillalli was absent on his trip to the bank, Mr. Carr was directed by his superior in the tax collector's office to accept the tender made by Mr. Henninger. ■ Mr. Henninger had a right to pay his taxes until the actual passing of title to the successful bidder at the auction sale. Mr. Carr, in compliance with these directions, received the tax money from Mr. Henninger, and when Mr. Gentillalli returned Mr. Carr told him that the taxes had been paid, and that he could not accept from Mr. Gentillalli what he had previously bid for the property.

■ The code section that controls a decision of the case is section 2918 of the Revenue and Taxation Code; it specifically provides with respect to auction sales of personal property to enforce payment of unpaid taxes on unsecured property: "On payment of the price bid for property sold, the delivery of the property with a bill of sale vests title in the purchaser."

Thus, the law differentiates between an auction sale for the purpose of collecting unpaid taxes on personal property and an ordinary auction sale. In an ordinary auction, the title to goods sold passes to the highest bidder upon the fall of the hammer. (Civ. Code, § 1741; 6 Cal.Jur.2d, Auctions, § 22, p. 438.) However, as just noted, the rule is different as to auctions for the sale of personal property to pay taxes. ■ It is clear, therefore, that title to the personal property involved did not pass to Mr. Gentillalli; this is, in effect, conceded for it is not alleged in the complaint that the property was sold to Mr. Gentillalli, but only that as a result of the auction ". . . defendant . . . entered into an agreement under which and whereby plaintiff promised to buy for the sum of $1,900.00 and defendant promised to sell and deliver to plaintiff all the above mentioned property and equipment . . . ."

It is illogical to argue that a county may lawfully enter into a contract for the sale of personal property as it is being sold for unpaid taxes. ■ If it is necessary to sell personal

property for the purpose of satisfying a tax bill, a county cannot contract to sell it but must in fact sell it, unless the taxes are paid meanwhile by the owner; title must pass before the bidder at such an auction is entitled to receive the property or to claim a legally enforceable right against the county. ██ The trial court correctly held that there was no contract for the sale of the property. If a legal sale had been completed, it would have followed that title to the property would have passed to the purchaser, but to speak of a contract to sell, in the circumstances, is to invoke the imagination rather than the law.

██ It should be observed, in passing, that Mr. Carr had no right to extend the time to Mr. Gentillalli within which to comply with his bid (Gov. Code, § 23007); the proposed sale was for cash; and it would have been necessary for Mr. Gentillalli to produce the money and complete the purchase without any extension of time, such as was granted to him by Mr. Carr.

The judgment in favor of the County of San Diego is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1966.